# EXHIBIT "1"

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2022-SU-V-0176**
**THOMAS WILSON**
**JUN 21, 2022 04:44 PM**

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

IN THE SUPERIOR COURT OF BUTTS COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ALDEAN KIMBELL | ) | |
|     Plaintiff | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE NO. 2022-SU-V-0176 |
| SUNLIGHT LOGISTICS, INC., | ) | |
| AJ LOGISTICS, INC., | ) | |
| AMAZON LOGISTICS, INC., | ) | |
| COUNTY HALL INSURANCE | ) | |
| COMPANY, INC., and AFMESHAR | ) | |
| WARSAME | ) | |
|     Defendants. | ) | |

## <u>NOTICE OF FILING SHERIFF'S ENTRY OF SERVICE</u>

COME NOW, ALDINE KIMBELL, by and through his undersigned counsel, and files this

NOTICE OF FILING SHERIFF'S ENTRY OF SERVICE regarding service on Defendant,

Amazon Logistics, Inc., which is attached hereto.

This 21th day of June, 2022.

Respectfully submitted,

_____
Jacob A. Weldon
Georgia Bar No. 966930
*Attorney for Plaintiff*

SEXTON LAW FIRM, LLP
124 Atlanta Street
McDonough, GA 30253
770-474-9335 / fax 866-529-0828
jacob@sextonlawfirm.com

COPY

# SHERIFF'S ENTRY OF SERVICE

Civil Action No. _____**2022-SU-V-0176**_____

Date Filed _____**05/31/22 12:21 PM**_____

| Superior Court | ☒ | Magistrate Court | ☐ |
| State Court | ☐ | Probate Court | ☐ |
| Juvenile Court | ☐ | | |

Georgia, _____**BUTTS**_____ COUNTY

KIMBELL, ALDINE

Attorney's Address    Jacob A. Weldon, Esq.
Sexton Law Firm, LLP
124 Atlanta Street
McDonough, GA 30253

_____ Plaintiff

VS.

SUNLIGHT LOGISTICS, INC., ; AJ LOGISTICS INC., ;

Name and Address of Party to be Served.
Amazon Logistics, Inc.
c/o Corporation Service Co., Registered Agent
2 Sun Court, Suite 400
Peachtree Corners, GA 30092

AMAZON LOGISTICS INC., ; WARSAME, AFMESHAR ;

_____ Defendant

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☐ I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**

☐ I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**

☒ Served the defendant _____*AMAZON Logistics, INC.*_____ a corporation
by leaving a copy of the within action and summons with _____*Alisha Smith*_____
in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the
door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the
same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said
summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**

☐ Diligent search made and defendant _____
not to be found in the jurisdiction of this court.

This _**7**_ day of _**June**_, 20_**22**_

_S/t. Collin, SO 500_
Deputy

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2022-SU-V-0176**
**THOMAS WILSON**
JUN 27, 2022 10:48 AM

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

IN THE SUPERIOR COURT OF BUTTS COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ALDEAN KIMBELL | ) | |
|     Plaintiff | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE NO. 2022-SU-V-0176 |
| SUNLIGHT LOGISTICS, INC., | ) | |
| AJ LOGISTICS, INC., | ) | |
| AMAZON LOGISTICS, INC., | ) | |
| COUNTY HALL INSURANCE | ) | |
| COMPANY, INC., and AFMESHAR | ) | |
| WARSAME | ) | |
|     Defendants. | ) | |

## <u>NOTICE OF FILING SHERIFF'S ENTRY OF SERVICE</u>

COME NOW, ALDINE KIMBELL, by and through his undersigned counsel, and files this

NOTICE OF FILING SHERIFF'S ENTRY OF SERVICE regarding service on Defendant, County

Hall Insurance Company, Inc., which is attached hereto.

This 27th day of June, 2022.

Respectfully submitted,

Jacob A. Weldon
Georgia Bar No. 966930
*Attorney for Plaintiff*

SEXTON LAW FIRM, LLP
124 Atlanta Street
McDonough, GA 30253
770-474-9335 / fax 866-529-0828
jacob@sextonlawfirm.com

## SHERIFF'S ENTRY OF SERVICE

| | | | |
|---|---|---|---|
| | Superior Court | ☒ | Magistrate Court ☐ |
| Civil Action No. __2022-SU-V-0176__ | State Court | ☐ | Probate Court ☐ |
| | Juvenile Court | ☐ | |

Date Filed _____05/31/22 12:21 PM_____

Georgia, __BUTTS__ COUNTY

Attorney's Address   Jacob A. Weldon, Esq.
Sexton Law Firm, LLP
124 Atlanta Street
McDonough, GA 30253

KIMBELL, ALDINE

_____

_____
Plaintiff

VS.
SUNLIGHT LOGISTICS, INC., ; AJ LOGISTICS INC., ;

Name and Address of Party to be Served.
County Hall Insurance Company
c/o Corporation Service Company, Registered Agent
2626 Glenwood Avenue, Suite 550
Raleigh, North Carolina 27608

AMAZON LOGISTICS INC., ; WARSAME, AFMESHAR;
_____
Defendant

_____

_____
Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☐ I have this day served the defendant_____personally with a copy
of the within action and summons.

**NOTORIOUS**

I have this day served the defendan C o u n t y  H A l l  I N S u r A n c e  C o m P A n y _____by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of ___L i l l y  F r o z i e r_____described as follows:
age, about _25_ years; weight _125_ pounds; height, about _5_ feet and _6_ inches, domiciled at the residence of
defendant.

**CORPORATION**

☐ Served the defendant_____a corporation
by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the
door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the
same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said
summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**

☐ Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This _10_ day of ____J u n e_____, 20 _22_

_R. Nicholson_ 604D
Deputy

STATE OF NORTH CAROLINA
COUNTY OF WAKE

STATE OF GEORGIA
COUNTY OF BUTTS



Plaintiff Name:
KIMBELL, ALDEAN

*Versus*

Defendant Name:
COUNTY HALL INSURANCE COMPANY INC
2626 GLENWOOD AVE 550
RALEIGH, NC 27608

**DEPUTY'S AFFIDAVIT**
**OF SERVICE**

Court File No:  2022-SU-V-0176

I, _K. Nicholson_ , being a duly sworn Deputy Sheriff of Wake County, Raleigh, North Carolina, States that in the above referenced matter,   on the _10_ Day of _June_ ,20_22_ at _8:30_ { }AM{ }PM, HE/SHE {✔}SERVED/ { } WAS UNABLE TO SERVE, COUNTY HALL INSURANCE COMPANY INC, legal service of Summons,Complaint for Damages and Demand for Jury Trial, Plaintiffs First Request for Admissions to Defendant, Plaintiffs First Interrogatories to Defendant & Plaintiffs First Request for Production of Document to Defendant , on Defendant/Person to serve as follows: (check one):

[ ]   BY DELIVERING TO DEFENDANT / PERSON TO SERVE A COPY (IES)

[ ]   BY LEAVING A COPY (IES) AT THE DWELLING HOUSE OR USUAL PLACE OF ABODE OF THE DEFENDANT/ PERSON TO SERVE, WITH A PERSON OF SUITABLE AGE.

[✓]   AS THE DEFENDANT / PERSON TO SERVE IS A CORPORATION, SERVICE WAS EFFECTED BY DELIVERING A COPY(IES) TO WHO IS AN OFFICER OF THE CORPORATION.

[ ]   NOT SERVED: DEFENDANT/PERSON NOT FOUND IN WAKE COUNTY.

[ ]   OTHER:_____ _Lilly Frazier Process Agent_ _____

Service Name:_____

**GERALD M. BAKER**
SHERIFF OF WAKE COUNTY

BY: _K. Nicholson 6040_
*DEPUTY SHERIFF*

SUBSCRIBED AND SWORN TO BEFORE ME THIS
THE _10_ DAY OF _June 2022_ ,
_Carolyn Monroe_
NOTARY PUBLIC, WAKE COUNTY, NORTH CAROLINA
MY COMMISSION EXPIRES THE _30_ DAY OF _June 2024_

CAROLYN MONROE
NOTARY
Comm. Exp.
6-30-2024
PUBLIC
WAKE COUNTY, NC

R_Civi83

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2022-SU-V-0176**
**THOMAS WILSON**
**JUL 06, 2022 11:08 AM**

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

IN THE SUPERIOR COURT OF BUTTS COUNTY
STATE OF GEORGIA

ALDEAN KIMBELL            )
    Plaintiff                )
                          )    CIVIL ACTION
v.                        )
                          )    FILE NO. 2022-SU-V-0176
SUNLIGHT LOGISTICS, INC.,  )
AJ LOGISTICS, INC.,        )
AMAZON LOGISTICS, INC.,    )
COUNTY HALL INSURANCE      )
COMPANY, INC., and AFMESHAR )
WARSAME                    )
    Defendants.               )

## NOTICE OF FILING SHERIFF'S AFFIDAVITS OF SERVICE

COME NOW, ALDINE KIMBELL, by and through his undersigned counsel, and files this

NOTICE OF FILING SHERIFF'S AFFIDAVITS OF SERVICE regarding service on Defendants,

AJ Logistics, Inc. and Sunlight Logistics, Inc., which is attached hereto.

This 6th day of July, 2022.

Respectfully submitted,

_____
Jacob A. Weldon
Georgia Bar No. 966930
*Attorney for Plaintiff*

SEXTON LAW FIRM, LLP
124 Atlanta Street
McDonough, GA 30253
770-474-9335 / fax 866-529-0828
jacob@sextonlawfirm.com



Dakota County Sheriff's Office
Civil Division
1580 Highway 55
Hastings, MN 55033-0247
651-438-4780

# AFFIDAVIT OF SERVICE

ATTORNEY/COURT FILE#: 2022-SU-V-0176

I,

HOLMQUIST, RYAN; Special Duty Deputy; 138

HEREBY CERTIFY THAT ON

6/24/2022 AT 1:51:00 PM

IN THE CITY OF

ROSEMOUNT

IN THE SAID COUNTY OF Dakota   STATE OF MINNESOTA

I DULY SERVED THE FOLLOWING DOCUMENT(S):

SUMMONS; COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL; PLAINTIFFS FIRST
INTERROGATORIES TO DEFENDANT AJ LOGISTICS INC., SUNLIGHT LOGISTICS INC., AMAZON
LOGISTICS INC., COUNTY HALL INSURANCE COMPANY INC., AFMESHAR WARSAME;
PLAINTIFFS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AJ LOGISTICS
INC., SUNLIGHT LOGISTICS INC., AMAZON LOGISTICS INC., COUNTY HALL INSURANCE
COMPANY INC., AFMESHAR WARSAME; PLAINTIFFS FIRST REQUEST FOR ADMISSIONS TO
DEFENDANT AJ LOGISTICS INC., SUNLIGHT LOGISTICS INC., AMAZON LOGISTICS INC.,
COUNTY HALL INSURANCE COMPANY INC., AFMESHAR WARSAME

UPON THE FOLLOWING PARTY:

**AJ LOGISTICS INC**

BY PERSONALLY LEAVING A COPY WITH:

**NASRA  HEYBE**

AT THE FOLLOWING ADDRESS:

**4230 PINE BEND TRAIL ROSEMOUNT, MN 55068**

SAFETY MANAGER

HOLMQUIST, RYAN; Special Duty Deputy; 138



Dakota County Sheriff's Office
Civil Division
1580 Highway 55
Hastings, MN 55033-0247
651-438-4780

# AFFIDAVIT OF SERVICE

ATTORNEY/COURT FILE#: 2022-SU-V-0176

I,

HOLMQUIST, RYAN; Special Duty Deputy; 138

HEREBY CERTIFY THAT ON

**6/24/2022** AT **1:50:00 PM**

IN THE CITY OF

ROSEMOUNT

IN THE SAID COUNTY OF Dakota      STATE OF MINNESOTA

I DULY SERVED THE FOLLOWING DOCUMENT(S):

SUMMONS; COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL; PLAINTIFFS FIRST
INTERROGATORIES TO DEFENDANT AJ LOGISTICS INC., SUNLIGHT LOGISTICS INC., AMAZON
LOGISTICS INC., COUNTY HALL INSURANCE COMPANY INC., AFMESHAR WARSAME;
PLAINTIFFS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AJ LOGISTICS
INC., SUNLIGHT LOGISTICS INC., AMAZON LOGISTICS INC., COUNTY HALL INSURANCE
COMPANY INC., AFMESHAR WARSAME; PLAINTIFFS FIRST REQUEST FOR ADMISSIONS TO
DEFENDANT AJ LOGISTICS INC., SUNLIGHT LOGISTICS INC., AMAZON LOGISTICS INC.,
COUNTY HALL INSURANCE COMPANY INC., AFMESHAR WARSAME

UPON THE FOLLOWING PARTY:

**SUNLIGHT LOGISTICS INC**

BY PERSONALLY LEAVING A COPY WITH:

**NASRA  HEYBE**

AT THE FOLLOWING ADDRESS:

**4230 PINE BEND TRAIL ROSEMOUNT, MN 55068**

_____ 138

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2022-SU-V-0176**
THOMAS WILSON
JUL 07, 2022 11:35 AM

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

## IN THE SUPERIOR COURT OF BUTTS COUNTY
## STATE OF GEORGIA

ALDINE KIMBELL,

     Plaintiff,

vs.

SUNLIGHT LOGISTICS, INC.,
AJ LOGISTICS, INC., AMAZON
LOGISTICS, INC., AFMESHAR
WARSAME, and COUNTY HALL
INSURANCE COMPANY, INC.,

    Defendants.

CIVIL ACTION
FILE NO.: 2022-SU-V-0176

## DEFENDANT AMAZON LOGISTICS, INC.'S ANSWER TO THE COMPLAINT

Defendant Amazon Logistics Inc. (hereinafter referred to as "Amazon") answers the Complaint for Damages and shows the Court as follows:

## FIRST DEFENSE

The Complaint improperly associates and commingles their claims against all Defendants, thereby failing to delineate separate and distinct claims against each Defendant.

## SECOND DEFENSE

Plaintiff fails to state a claim against Amazon upon which relief can be granted.

## THIRD DEFENSE

Amazon denies that the injuries and damages alleged in the Complaint were proximately caused by Amazon.

## FOURTH DEFENSE

No act or omission of Amazon either proximately caused or contributed to the injuries and/or damages Plaintiff contends he sustained in the subject accident, and on account thereof, Plaintiff is not entitled to recover any sum from Amazon.

**FIFTH DEFENSE**

Any damages claimed were caused, in whole or in part, by the negligence, acts, failures, or other culpable conduct of third parties over which Amazon had no control; therefore, Plaintiff's damages should be reduced accordingly.

**SIXTH DEFENSE**

No acts or omissions by Amazon were an actual cause, legal cause, contributing cause, substantial factor, or proximate cause with respect to the damages, if any, sustained by Plaintiff.

**SEVENTH DEFENSE**

The causes of action asserted against Amazon are precluded because the damages, if any, sustained by Plaintiff were solely and proximately caused by superseding causes and/or by independent intervening causes outside the control of Amazon.

**EIGHTH DEFENSE**

Plaintiff has an obligation to mitigate his damages. To the extent Plaintiff has not done so, Amazon is entitled to a credit or setoff against any amount awarded to Plaintiff in the amount of the damages that could have reasonable been avoided by Plaintiff.

**NINTH DEFENSE**

Amazon reserves the right to amend, modify, or supplement any and all defenses to the extent additional defenses arises in discovery progresses (including in the event of the identification and or addition of individuals currently not named in this lawsuit).

**TENTH DEFENSE**

To the extent Plaintiff seeks punitive damages in this case, then any such damages must be based upon a finding of intentional, malicious, reckless, and/or conscious criminal misconduct by Amazon, and Plaintiff cannot meet this burden. Any award of punitive damages based upon a

lesser standard would be a violation of Amazon's rights to due process of law under both the Georgia and United States Constitutions.

## ELEVENTH DEFENSE

Amazon denies having acted in bad faith, having been stubbornly litigious, or having caused Plaintiff unnecessary trouble and expense. Accordingly, Plaintiff is not entitled to expenses of ligation or attorneys' fees as part of his damages, if any.

## TWELTH DEFENSE

In further answering, Amazon responds to the individually numbered paragraphs of the Complaint as follows:

## PARTIES AND NATURE OF THIS ACTION

1.

Amazon denies the allegations in paragraph number 1 against it.  As for the remaining allegations against the other Defendants in paragraph number 1, Amazon is without sufficient knowledge or information upon which to form a belief as to the truth of these allegations.

2.

Amazon is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph number 2.

3.

Amazon is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph number 3.

4.

Amazon is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph number 4.

5.

Amazon admits it is a Delaware corporation with its place of business at the referenced address and has the referenced registered agent in Georgia. Amazon admits it is subject to jurisdiction and venue but reserves the right to remove this matter to federal court. All other remaining allegations in paragraph 5 are denied.

6.

Amazon is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph number 6.

## FACTS COMMON TO ALL COUNTS

7.

Amazon is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph number 7.

8.

Amazon is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph number 8.

9.

Amazon is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph number 9.

10.

Amazon is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph number 10.

11.

Amazon is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph number 11.

12.

Amazon is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph number 12.

13.

Amazon is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph number 13.

14.

Amazon is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph number 14.

15.

Amazon is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph number 15.

16.

Amazon admits Defendant Sunlight Logistics, Inc. entered in a Relay Carrier Program Agreement prior to the accident date. All other remaining allegations in paragraph 16 are denied.

17.

Amazon denies the allegations contained in paragraph 17.

18.

Amazon denies the allegations in paragraph number 18 against it.  As for the remaining allegations against the other Defendants in paragraph number 18, Amazon is without sufficient knowledge or information upon which to form a belief as to the truth of these allegations.

19.

Amazon is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph number 19.

20.

Amazon denies the allegations in paragraph number 20 against it.  As for the remaining allegations against the other Defendants in paragraph number 20, Amazon is without sufficient knowledge or information upon which to form a belief as to the truth of these allegations.

## COUNT ONE – NEGLIGENCE OF DEFENDANT AFMESHAR WARSAME

21.

Amazon incorporates by reference its responses to paragraphs 1 through 20 as if fully set forth herein.

22.

Amazon is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph number 22.

23.

Amazon denies the allegations in paragraph number 23 against it.  As for the remaining allegations against the other Defendants in paragraph number 23, Amazon is without sufficient knowledge or information upon which to form a belief as to the truth of these allegations.

## COUNT II:  NEGLIGENT HIRING, RETENTION, AND TRAINING

24.

Amazon incorporates by reference its responses to paragraphs 1 through 23 as if fully set forth herein.

25.

Amazon denies the allegations in paragraph number 25 against it.  As for the remaining allegations against the other Defendants in paragraph number 25, Amazon is without sufficient knowledge or information upon which to form a belief as to the truth of these allegations.

26.

Amazon denies the allegations in paragraph number 26 against it.  As for the remaining allegations against the other Defendants in paragraph number 26, Amazon is without sufficient knowledge or information upon which to form a belief as to the truth of these allegations.

27.

Amazon denies the allegations in paragraph number 27 against it.  As for the remaining allegations against the other Defendants in paragraph number 27, Amazon is without sufficient knowledge or information upon which to form a belief as to the truth of these allegations.

28.

Amazon denies the allegations in paragraph number 28 against it.  As for the remaining allegations against the other Defendants in paragraph number 28, Amazon is without sufficient knowledge or information upon which to form a belief as to the truth of these allegations.

29.

Amazon denies the allegations in paragraph number 29 against it.  As for the remaining allegations against the other Defendants in paragraph number 29, Amazon is without sufficient knowledge or information upon which to form a belief as to the truth of these allegations.

30.

Amazon denies the allegations in paragraph number 30 against it.  As for the remaining allegations against the other Defendants in paragraph number 30, Amazon is without sufficient knowledge or information upon which to form a belief as to the truth of these allegations.

## **DAMAGES**

31.

Amazon incorporates by reference its responses to paragraphs 1 through 30 as if fully set forth herein.

32.

Amazon is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph number 32.

33.

Amazon denies the allegations in paragraph number 33 against it.  As for the remaining allegations against the other Defendants in paragraph number 33, Amazon is without sufficient knowledge or information upon which to form a belief as to the truth of these allegations.

34.

Amazon denies the allegations in paragraph number 34 against it.  As for the remaining allegations against the other Defendants in paragraph number 34, Amazon is without sufficient knowledge or information upon which to form a belief as to the truth of these allegations.

35.

Amazon denies each of the allegations and claims for relief contained in the prayer for relief paragraph of the Complaint, including subparts (a) – (d).  Further, Amazon denies any allegations within paragraphs 1 through 34 of the Complaint for Damages which it did not specifically admit above.

## **JURY DEMAND**

Pursuant to O.C.G.A. § 15-12-122, Defendant Amazon Logistics Inc. hereby demands a trial by a twelve-person jury on all issues so triable.

Respectfully submitted, this 7th  day of July, 2022.

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP**

3348 Peachtree Road, N.E.
Suite 1400
Atlanta, GA 30326
(470) 419-6650
Fax:  (470) 419-6651
dal.burton@wilsonelser.com
jason.stewart@wilsonelser.com

*/s/ Jason S. Stewart*
R. Dal Burton
Georgia Bar No. 097890
Jason S. Stewart
Georgia Bar No. 793252
*Counsel for Defendant Amazon.com Sales,
Inc.*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served counsel for all parties who have appeared in this action a copy of the foregoing **DEFENDANT AMAZON LOGISTICS, INC.'S ANSWER TO THE COMPLAINT** via statutory electronic service which will automatically send an email notification of such filing to the following counsel of record as follows:

Jacob A. Weldon
Sᴇxᴛᴏɴ Lᴀᴡ Fɪʀᴍ, LLP
124 Atlanta Street
McDonough, Georgia 30253
Telephone:  (770) 474-9335
Fax:  (886) 529-0828
jsexton@sextonlawfirm.com
*Counsel for Plaintiff*

Respectfully submitted, this 7th day of July, 2022.

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP**

3348 Peachtree Road, N.E.
Suite 1400
Atlanta, GA 30326
(470) 419-6650
Fax:  (470) 419-665
Jason.Stewart@wilsonelser.com

*/s/ Jason S. Stewart*
Jason S. Stewart
Georgia Bar No. 793252
*Counsel for Defendants*

**General Civil and Domestic Relations Case Filing Information Form**

📄 **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2022-SU-V-0176**

THOMAS WILSON

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

**MAY 31, 2022 12:21 PM**

☑ **Superior** or ☐ **State Court of** __Butts__ _____ **County**

| **For Clerk Use Only** | |
|---|---|
| **Date Filed** 05-31-2022 | **Case Number** 2022-SU-V-0176 |
| MM-DD-YYYY | |

**Plaintiff(s)**

Kimbell, Aldine

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

Sunlight Logistics, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| AJ Logistics Inc. | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| Amazon Logistics Inc. | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| Warsame, Afmeshar | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Weldon, Jacob   **Bar Number** 966930   **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**

- ☑ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
       **Case Number**                **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.20

⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2022-SU-V-0176**
**THOMAS WILSON**
**MAY 31, 2022 12:21 PM**

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

**IN THE SUPERIOR COURT OF BUTTS COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| ALDEAN KIMBELL          ) | |
|     Plaintiff          ) | |
|                         ) | CIVIL ACTION NO. |
| v.          ) | |
|                         ) | |
| SUNLIGHT LOGISTICS, INC.,          ) | |
| AJ LOGISTICS, INC.,          ) | |
| AMAZON LOGISTICS, INC.,          ) | |
| COUNTY HALL INSURANCE          ) | |
| COMPANY, INC., and AFMESHAR          ) | |
| WARSAME          ) | |
|     Defendants.          ) | |

---

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

---

COMES NOW Plaintiff, Aldean Kimbell, and files this Complaint against the above-named

Defendants, Sunlight Logistics, Inc., AJ Logistics, Inc., Amazon Logistics, Inc., County Hall

Insurance Company, Inc., and Afmeshar Warsame, by showing the Court the following:

**PARTIES AND NATURE OF THIS ACTION**

1. Plaintiff Aldean Kimbell brings this action for personal injuries; past, present, and future

   medical expenses; past, present, and future mental pain and suffering; and permanent

   disability due to the negligence of the above-named Defendants.

2. Defendant Afmeshar Warsame is an individual who resides at 1620 North 51st Street,

   Apartment 115, Phoenix, Arizona 85008. Defendant is subject to the jurisdiction and venue

   of this court and may be personally served by delivery of an original copy of the Summons

   and Complaint to Afmeshar Warsame at his dwelling house or by delivery to a person of

   suitable age and discretion then residing therein.

3. Sunlight Logistics, Inc. is a foreign corporation organized under the laws of the state of Minnesota with its principal place of business at 4230 Pine Bend Trail, Rosemount, Minnesota, 55064. Sunlight Logistics Inc. conducts business in the State of Georgia. Sunlight Logistics, Inc. may be served with a second original copy of the Summons and Complaint on its Chief Executive Officer, Ahmed Jama at its registered office address, 3551 Chicago Avenue S, Minneapolis, Minnesota, 55407. Defendant is subject to this jurisdiction and venue of this Court pursuant to OCGA § 9-10-91 and § 9-10-93.

4. AJ Logistics, Inc. is a foreign corporation organized under the laws of the state of Minnesota with its principal place of business at 5100 West 82 Street, Bloomington, Minnesota, 55437. AJ Logistics Inc. conducts business in the State of Georgia. AJ Logistics Inc. may be served with a second original copy of the Summons and Complaint on its CEO Ahmed Jama, at its registered office address, 5241 Lincoln Drive, #108, Edina, Minnesota, 55436. Defendant is subject to this jurisdiction and venue of this Court pursuant to OCGA § 9-10-91 and § 9-10-93.

5. Amazon Logistics, Inc. is a foreign corporation organized under the laws of the state of Delaware with its principal place of business at 410 Terry Avenue North, Seattle, Washington, 98109. Amazon Logistics Inc. conducts business in the State of Georgia. Amazon Logistics Inc. may be served with a second original copy of the Summons and Complaint on its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092. Defendant is subject to this jurisdiction and venue of this Court pursuant to OCGA § 9-10-91 and § 9-10-93.

6. County Hall Insurance Company ("CHIC") is a foreign insurance company organized under the law of North Carolina with its principal place of business at 10130 Perimeter

Parkway, Suite 200, Charlotte, North Carolina, 28216. CHIC conducts business in the state

of Georgia. CHIC may be served with a second original copy of the summons and

complaint on its registered agent, Corporation Service Company, 2626 Glenwood Avenue,

Suite 550, Raleigh, North Carolina, 27608. Defendant is subject to this jurisdiction and

venue of this Court pursuant to OCGA § 9-10-91 and § 9-10-93.

## FACTS COMMON TO ALL COUNTS

7.  On or about July 11th, 2022, Plaintiff Aldean Kimbell was driving a 2015 GMC Sierra 1500

pickup truck traveling in the southbound lane of Bucksnort Road in Butts County, Georgia.

8.  Defendant Afmeshar Warsame was driving a tractor trailer and failed to yield to Plaintiff as

he entered Bucksnort Road from the Flying J Truck Stop.

9.  Defendant Afmeshar Warsame struck Plaintiff's truck and trailer in the back passenger side

corner of the truck and front corner of the trailer.

10. Defendant Afmeshar Warsame was charged with failure to yield in violation of OCGA §

40-6-73 and was negligent per se.

11. The negligence of Defendant Warsame was the direct and proximate cause of the resulting

accident and injuries sustained by the Plaintiff.

12. No action or inaction of Plaintiff Aldean Kimbell caused or contributed to the subject

collision as shown herein.

13. At all times relevant hereto, the Defendant Warsame was employed by Defendant Sunlight

Logistics, Inc. and AJ Logistics, Inc. and was acting in the course and scope of his

employment at the time of the subject accident.

14. At all times relevant hereto, the Defendants were insured by Defendant County Hall

Insurance Company, Inc.

15. County Hall Insurance Company, Inc. is a proper party to this action pursuant to OCGA § 40-1-112(c) or, in the alternative, 40-2-140(d)(4).

16. At all times relevant hereto, Defendant Sunlight Logistics Inc and/or AJ Logistics Inc. was a contractor for Defendant Amazon Logistics, Inc.

17. Under the Federal Motor Carriers Safety Regulations, 49 C.F.R. § 390.5, Defendant Amazon is liable for the negligence of its contractors.

18. At all relevant times hereto, each and every Defendant conducted interstate transportation business and is subject to Georgia's Direction Action Statute.

19. At all times relevant hereto, Defendant Sunlight Logistics, Inc. owned and/or operated the vehicle driven by Defendant Warsame.

20. Each and every Defendant is liable pursuant to the doctrine of respondeat superior for the acts and omission of Defendant Warsame.

## COUNT ONE - NEGLIGENCE OF DEFENDANT AFMESHAR WARSAME

21. Plaintiff re-alleges paragraphs 1 through 20 of this Complaint as is fully set forth herein.

22. Defendant Afmeshar Warsame failed to yield while entering the roadway in violation of O.C.G.A. § 40-6-73 and caused the subject collision. As a result, Defendant Afmeshar Warsame was negligent per se.

23. Accordingly, plaintiff is entitled to relief including, but not limited to, (1) actual damages, and general damages, (2) costs, (3) a reasonable attorney's fees, and (4) an award of punitive damages to penalize and punish Defendants and to deter Defendants from repeating such actions again in the future.

## COUNT TWO: NEGLIGENT HIRING, RETENTION, AND TRAINING

24. Plaintiff re-alleges paragraphs 1 through 23 of his Complaint as if same were set forth fully herein.

25. Defendants Sunlight Logistics Inc., AJ Logistics Inc., and Amazon Logistics Inc.'s actions constitute negligent hiring, retention, supervision, and training in violation of the laws of Georgia.

26. Defendant Afmeshar Warsame was negligent per se and was not properly trained to operate a tractor trailer safely.

27. Defendants negligently hired Afmeshar Warsame who posed a risk of harm to others by negligently driving and not following proper procedure.

28. It was reasonably foreseeable that this risk of harm posed by Defendant Sunlight Logistics, AJ Logistics, and Amazon Logistics' failure to property screen, train, and supervise Defendant Warsame could cause the harm sustained by the Plaintiff.

29. Defendants knew or reasonably should have known of Afmeshar Warsame's propensity to engage in the type of conduct that caused the subject collision.

30. Accordingly, plaintiff is entitled to relief including, but not limited to, (1) actual damages, and general damages, (2) costs, (3) a reasonable attorney's fee, and (4) an award of punitive damages to penalize and punish Defendants and to deter Defendants from repeating such actions again in the future.

## DAMAGES

31. Plaintiff re-alleges paragraphs 1 through 30 of his Complaint as is fully set forth herein.

32. As a result of the herein-described automobile collision, Plaintiff sustained severe bodily injuries, which required extensive medical treatment and will require medical attention in the future.

33. As a result of the Defendants' negligence, the Plaintiff has incurred past medical expenses in the amount of at least $104,457.76 and will incur future medical expenses. Plaintiff is also entitled to recover for his physical and emotional pain and suffering, loss of strength and mobility, loss of enjoyment of life, permanent disability, scarring, and adverse impact on the quality of his daily life and general damages.

34. As a result of the Defendants' negligence, the Plaintiff has lost income in an amount to be determined at trial.

WHEREFORE, Plaintiffs pray as follows:

a)      That Plaintiffs have a judgment against Defendant, for the personal injuries sustained by him, including but not limited to, a recovery of medical expenses in the past and into the future and past mental pain and suffering in a total amount to be shown at trial;

b)      That costs of this case be cast against Defendant and attorneys' fees and costs be awarded to Plaintiff;

c)   That there be a trial by jury, and

d)   For such other and further relief as this Court deems just and proper.

Dated this 31st day of May 2022.

Respectfully submitted,

SEXTON LAW FIRM, LLP
124 Atlanta Street
McDonough, GA 30253
770-474-9335 / fax 866-529-0828
jsexton@sextonlawfirm.com

_____
Jacob A. Weldon
Georgia Bar No. 966930
*Attorney for Plaintiff*

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2022-SU-V-0176**
THOMAS WILSON
**MAY 31, 2022 12:21 PM**

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

## IN THE SUPERIOR COURT OF BUTTS COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ALDINE KIMBELL | ) | |
| **Plaintiff** | ) | |
| | ) | **CIVIL ACTION NO.** |
| v. | ) | |
| | ) | |
| SUNLIGHT LOGISTICS, INC., | ) | |
| AJ LOGISTICS, INC., | ) | |
| AMAZON LOGISTICS, INC., | ) | |
| COUNTY HALL INSURANCE | ) | |
| COMPANY, INC., and AFMESHAR | ) | |
| WARSAME | ) | |
| **Defendants.** | ) | |

## PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANT AFMESHAR WARSAME

Pursuant to Rule 36 of the Georgia Civil Practice Act (informally codified as O.C.G.A. § 9-11-36), Plaintiffs request that the Defendant admit for purposes of this action that each of the following statements of fact, application of law to fact, and/or genuineness of documents are true.  Defendant is required to make the following admissions within the time prescribed by law after service of these requests.

If any objection is made to any request, the reasons therefore shall be stated pursuant to law.  Each answer which is not admitted shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.  A denial shall fairly meet the substance of the requested admission; and, when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder.  An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonably

inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny.   Even if the Defendant believes that a matter of which an admission has been requested presents a genuine issue for trial, he may not, on that ground alone, object to the request.   Plaintiffs intend to rely upon the provisions of O.C.G.A. section 9-11-37 (c), and in the event you fail to make the admissions requested, Plaintiffs shall seek the reasonable expenses incurred in making proof of those matters regarding which admissions are requested, including reasonable attorney's fees.

You are hereby requested to admit the following:

1. That you are a proper party and were properly served with the Complaint and summons in this suit.

2. You are subject to the jurisdiction of this Court.

3. Venue is proper in this Court.

4. On or about July 11, 2020, you were negligently following to close and caused the subject accident.

5. You received a citation for the July 11, 2020, accident.

6. You plead Nolo Contendere and/or paid the fine for the citation you received as a result of this collision.

7. Neither action nor inaction of Plaintiff's caused or contributed to the subject collision.

8. You were negligent per se.

9. You were driving for Sunlight Logistics, Inc. when the incident at issue in Plaintiff's complaint occurred.

10. You were driving for AJ Logistics, Inc. when the incident at issue in Plaintiff's complaint occurred.

11. You were driving for Amazon Logistics, Inc. when the incident at issue in Plaintiff's complaint occurred.

12. Plaintiff sustained physical injuries as a direct and proximate result of the subject collision.

13. Plaintiff incurred past medical expenses as a direct and proximate result of the subject collision.

14. Plaintiff will incur future medical expenses as a direct and proximate result of the subject collision.

15. Plaintiff has and will continue to suffer mental pain and anguish as a direct and proximate cause of the subject collision.

Dated this <u>31st</u> day of May 2022.

Respectfully submitted,

SEXTON LAW FIRM, LLP
124 Atlanta Street
McDonough, GA 30253
770-474-9335 / fax 866-529-0828
jacob@sextonlawfirm.com

_____
Jacob A. Weldon
Georgia Bar No. 966930
*Attorney for Plaintiff*

⚟ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2022-SU-V-0176**
THOMAS WILSON
MAY 31, 2022 12:21 PM

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

## IN THE SUPERIOR COURT OF BUTTS COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **ALDINE KIMBELL** | ) | |
| **Plaintiff** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | |
| | ) | |
| **SUNLIGHT LOGISTICS, INC.,** | ) | |
| **AJ LOGISTICS, INC.,** | ) | |
| **AMAZON LOGISTICS, INC.,** | ) | |
| **COUNTY HALL INSURANCE** | ) | |
| **COMPANY, INC., and AFMESHAR** | ) | |
| **WARSAME** | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT AJ LOGISTICS, INC.

Pursuant to Rule 36 of the Georgia Civil Practice Act (informally codified as O.C.G.A. § 9-11-36), Plaintiffs request that the Defendant admit for purposes of this action that each of the following statements of fact, application of law to fact, and/or genuineness of documents are true. Defendant is required to make the following admissions within the time prescribed by law after service of these requests.

If any objection is made to any request, the reasons therefore shall be stated pursuant to law. Each answer which is not admitted shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission; and, when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge

as a reason for failure to admit or deny unless he states that he has made reasonably inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny.   Even if the Defendant believes that a matter of which an admission has been requested presents a genuine issue for trial, he may not, on that ground alone, object to the request.   Plaintiffs intend to rely upon the provisions of O.C.G.A. section 9-11-37 (c), and in the event you fail to make the admissions requested, Plaintiffs shall seek the reasonable expenses incurred in making proof of those matters regarding which admissions are requested, including reasonable attorney's fees.

You are hereby requested to admit the following:

1. That you are a proper party and were properly served with the Complaint and summons in this suit.

2. You are subject to the jurisdiction of this Court.

3. Venue is proper in this Court.

4. You owned the truck Defendant Afmeshar Warsame was driving and that was involved in the collision on or about July 11, 2020, between Defendant Warsame and Plaintiff referred to in the complaint.

5. You operated the truck Defendant Warsame was driving and that was involved in the collision on or about July 11, 2020, between Defendant Warsame and Plaintiff referred to in the complaint.

6. Defendant Warsame was a driver for AJ Logsitics, Inc. on or around July 11, 2020.

7. In the year 2020, you conducted interstate business.

8. In the year 2020, you conducted business in the state of Georgia.

9. All indispensable parties are listed in the complaint.

10. Neither action nor inaction of Plaintiff's caused or contributed to the subject collision.

11. Afmeshar Warsame was negligent per se.

12. Afmeshar Warsame directly and proximately caused the subject collision.

13. Plaintiff sustained physical injuries as a direct and proximate result of the subject collision.

14. Plaintiff incurred past medical expenses as a direct and proximate result of the subject collision.

15. Plaintiff will incur future medical expenses as a direct and proximate result of the subject collision.

16. Plaintiff has and will continue to suffer mental pain and anguish as a direct and proximate cause of the subject collision.

17. Afmeshar Warsame was issued a citation as a result of the subject collision.

Dated this 31st day of May 2022.

Respectfully submitted,

_____

Jacob A. Weldon
Georgia Bar No. 966930
*Attorney for Plaintiff*

SEXTON LAW FIRM, LLP
124 Atlanta Street
McDonough, GA 30253
770-474-9335 / fax 866-529-0828
jacob@sextonlawfirm.com

⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2022-SU-V-0176**
THOMAS WILSON
MAY 31, 2022 12:21 PM

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

## IN THE SUPERIOR COURT OF BUTTS COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **ALDINE KIMBELL** | ) | |
| **Plaintiff** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | |
| | ) | |
| **SUNLIGHT LOGISTICS, INC.,** | ) | |
| **AJ LOGISTICS, INC.,** | ) | |
| **AMAZON LOGISTICS, INC.,** | ) | |
| **COUNTY HALL INSURANCE** | ) | |
| **COMPANY, INC., and AFMESHAR** | ) | |
| **WARSAME** | ) | |
| **Defendants.** | ) | |

## PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANT AMAZON LOGISTICS, INC.

Pursuant to Rule 36 of the Georgia Civil Practice Act (informally codified as O.C.G.A. § 9-11-36), Plaintiffs request that the Defendant admit for purposes of this action that each of the following statements of fact, application of law to fact, and/or genuineness of documents are true. Defendant is required to make the following admissions within the time prescribed by law after service of these requests.

If any objection is made to any request, the reasons therefore shall be stated pursuant to law. Each answer which is not admitted shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission; and, when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonably

inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny.   Even if the Defendant believes that a matter of which an admission has been requested presents a genuine issue for trial, he may not, on that ground alone, object to the request.   Plaintiffs intend to rely upon the provisions of O.C.G.A. section 9-11-37 (c), and in the event you fail to make the admissions requested, Plaintiffs shall seek the reasonable expenses incurred in making proof of those matters regarding which admissions are requested, including reasonable attorney's fees.

You are hereby requested to admit the following:

1. That you are a proper party and were properly served with the Complaint and summons in this suit.

2. You are subject to the jurisdiction of this Court.

3. Venue is proper in this Court.

4. You owned the truck Defendant Afmeshar Warsame was driving and that was involved in the collision on or about July 11, 2020, between Defendant Warsame and Plaintiff Kimbell referred to in the complaint.

5. You operated the truck Defendant Warsame was driving and that was involved in the collision on or about July 11, 2020, between Defendant Warsame and Plaintiff Kimbell referred to in the complaint.

6. Defendant Afmeshar Warsame was a driver for Amazon Logistics, Inc. on or around July 11, 2020.

7. In the year 2020, you conducted interstate business.

8. In 2020, you conducted business in the state of Georgia.

9. All indispensable parties are listed in the complaint.

2

10. Neither action nor inaction of Plaintiff's caused or contributed to the subject collision.

11. Afmeshar Warsame was negligent per se.

12. Afmeshar Warsame directly and proximately caused the subject collision.

13. Plaintiff sustained physical injuries as a direct and proximate result of the subject collision.

14. Plaintiff incurred past medical expenses as a direct and proximate result of the subject collision.

15. Plaintiff will incur future medical expenses as a direct and proximate result of the subject collision.

16. Plaintiff has and will continue to suffer mental pain and anguish as a direct and proximate cause of the subject collision.

17. Afmeshar Warsame was issued a citation as a result of the subject collision.

Dated this <u>31st</u> day of May 2022.

Respectfully submitted,

SEXTON LAW FIRM, LLP
124 Atlanta Street
McDonough, GA 30253
770-474-9335 / fax 866-529-0828
jacob@sextonlawfirm.com

Jacob A. Weldon
Georgia Bar No. 966930
*Attorney for Plaintiff*

3

⚡ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2022-SU-V-0176**
THOMAS WILSON
MAY 31, 2022 12:21 PM

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

## IN THE SUPERIOR COURT OF BUTTS COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ALDINE KIMBELL | ) | |
| **Plaintiff** | ) | |
| | ) | **CIVIL ACTION NO.** |
| v. | ) | |
| | ) | |
| SUNLIGHT LOGISTICS, INC., | ) | |
| AJ LOGISTICS, INC., | ) | |
| AMAZON LOGISTICS, INC., | ) | |
| COUNTY HALL INSURANCE | ) | |
| COMPANY, INC., and AFMESHAR | ) | |
| WARSAME | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT COUNTY HALL INSURANCE COMPANY INC.

Pursuant to Rule 36 of the Georgia Civil Practice Act (informally codified as O.C.G.A. § 9-11-36), Plaintiffs request that the Defendant admit for purposes of this action that each of the following statements of fact, application of law to fact, and/or genuineness of documents are true. Defendant is required to make the following admissions within the time prescribed by law after service of these requests.

If any objection is made to any request, the reasons therefore shall be stated pursuant to law. Each answer which is not admitted shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission; and, when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonably

inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny.   Even if the Defendant believes that a matter of which an admission has been requested presents a genuine issue for trial, he may not, on that ground alone, object to the request.   Plaintiffs intend to rely upon the provisions of O.C.G.A. section 9-11-37 (c), and in the event you fail to make the admissions requested, Plaintiffs shall seek the reasonable expenses incurred in making proof of those matters regarding which admissions are requested, including reasonable attorney's fees.

You are hereby requested to admit the following:

1. That you are a proper party and were properly served with the Complaint and summons in this suit.

2. You are subject to the jurisdiction of this Court.

3. Venue is proper in this Court.

4. You insured Sunlight Logistics Inc. at the time of the subject collision.

5. You insured AJ Logistics, Inc. at the time of the subject collision.

6. You insured Amazon Logistics, Inc. at the time of the subject collision.

7. You conduct interstate business.

8. In 2020, you conducted business in the state of Georgia.

9. All indispensable parties are listed in the complaint.

10. You are subject to the direct-action statute O.C.G.A. § 40-2-140.

Dated this <u>31st</u> day of May 2022.

Respectfully submitted,

SEXTON LAW FIRM, LLP
124 Atlanta Street
McDonough, GA 30253
770-474-9335 / fax 866-529-0828
jacob@sextonlawfirm.com

_____
Jacob A. Weldon
Georgia Bar No. 966930
*Attorney for Plaintiff*

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2022-SU-V-0176**
THOMAS WILSON
MAY 31, 2022 12:21 PM

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

## IN THE SUPERIOR COURT OF BUTTS COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **ALDINE KIMBELL** | ) | |
| **Plaintiff** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | |
| | ) | |
| **SUNLIGHT LOGISTICS, INC.,** | ) | |
| **AJ LOGISTICS, INC.,** | ) | |
| **AMAZON LOGISTICS, INC.,** | ) | |
| **COUNTY HALL INSURANCE** | ) | |
| **COMPANY, INC., and AFMESHAR** | ) | |
| **WARSAME** | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT SUNLIGHT LOGISTICS, INC.

Pursuant to Rule 36 of the Georgia Civil Practice Act (informally codified as O.C.G.A. § 9-11-36), Plaintiffs request that the Defendant admit for purposes of this action that each of the following statements of fact, application of law to fact, and/or genuineness of documents are true. Defendant is required to make the following admissions within the time prescribed by law after service of these requests.

If any objection is made to any request, the reasons therefore shall be stated pursuant to law. Each answer which is not admitted shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission; and, when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge

as a reason for failure to admit or deny unless he states that he has made reasonably inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny.   Even if the Defendant believes that a matter of which an admission has been requested presents a genuine issue for trial, he may not, on that ground alone, object to the request.   Plaintiffs intend to rely upon the provisions of O.C.G.A. section 9-11-37 (c), and in the event you fail to make the admissions requested, Plaintiffs shall seek the reasonable expenses incurred in making proof of those matters regarding which admissions are requested, including reasonable attorney's fees.

You are hereby requested to admit the following:

1.  That you are a proper party and were properly served with the Complaint and summons in this suit.

2.  You are subject to the jurisdiction of this Court.

3.  Venue is proper in this Court.

4.  You owned the truck Defendant Afmeshar Warsame was driving and that was involved in the collision on or about July 11, 2020, between Defendant Warsame and Plaintiff referred to in the complaint.

5.  You operated the truck Defendant Warsame was driving and that was involved in the collision on or about July 11, 2020, between Defendant Warsame and Plaintiff referred to in the complaint.

6.  Defendant Warsame was a driver for Sunlight Logsitics, Inc. on or around July 11, 2020.

7.  In the year 2020, you conducted interstate business.

8.  In the year 2020, you conducted business in the state of Georgia.

9.  All indispensable parties are listed in the complaint.

2

10. Neither action nor inaction of Plaintiff's caused or contributed to the subject collision.

11. Afmeshar Warsame was negligent per se.

12. Afmeshar Warsame directly and proximately caused the subject collision.

13. Plaintiff sustained physical injuries as a direct and proximate result of the subject collision.

14. Plaintiff incurred past medical expenses as a direct and proximate result of the subject collision.

15. Plaintiff will incur future medical expenses as a direct and proximate result of the subject collision.

16. Plaintiff has and will continue to suffer mental pain and anguish as a direct and proximate cause of the subject collision.

17. Afmeshar Warsame was issued a citation as a result of the subject collision.

Dated this 31st day of May 2022.

Respectfully submitted,

SEXTON LAW FIRM, LLP
124 Atlanta Street
McDonough, GA 30253
770-474-9335 / fax 866-529-0828
jacob@sextonlawfirm.com

_____
Jacob A. Weldon
Georgia Bar No. 966930
*Attorney for Plaintiff*

✤ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2022-SU-V-0176**
THOMAS WILSON
MAY 31, 2022 12:21 PM

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

## IN THE SUPERIOR COURT OF BUTTS COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **ALDINE KIMBELL** | ) | |
| **Plaintiff** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | |
| | ) | |
| **SUNLIGHT LOGISTICS, INC.,** | ) | |
| **AJ LOGISTICS, INC.,** | ) | |
| **AMAZON LOGISTICS, INC.,** | ) | |
| **COUNTY HALL INSURANCE** | ) | |
| **COMPANY, INC., and AFMESHAR** | ) | |
| **WARSAME** | ) | |
| **Defendants.** | ) | |

## PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT
## AFMESHAR WARSAME

COMES NOW Plaintiffs in the above-styled case and, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, and other applicable portions of the Civil Practice Act, require the defendant to answer under oath the following interrogatories within the time provided by law and to furnish a copy of said answers to plaintiffs' attorney at SEXTON LAW FIRM, LLC, 124 Atlanta Street, McDonough, GA, 30253.

NOTE A:     When used in these interrogatories, the term "defendant(s)," or any synonym thereof, is intended to and shall embrace and include, in addition to said defendant(s), counsel for defendant(s) and all agents, servants, employees, representatives, private investigators, and others who are in possession of or may have obtained information for or on behalf of the defendant(s) to whom the interrogatories are directed.

NOTE B:     These interrogatories shall be deemed continuing, and supplemental answers shall be required if the defendant(s), directly or indirectly, obtains

further information of the nature sought after answers are initially served.

NOTE C:      Reference to the term "identify" or "identity" means:

(a)  When in these interrogatories you are requested to "identify" or to state the "identity" of a person or persons, such request, in each instance, shall be understood to seek the following information with respect to each such person or persons: Name, last known address, home telephone number, business telephone number, place of employment, job title or capacity, and present whereabouts;

(b)  When in these interrogatories you are requested to "identify" or to state the "identity" of a corporation, such request, in each instance, shall be understood to seek the following information with respect to each such corporation: the full and correct registered name, state of incorporation, principal place of business, and dates of existence;

(c)  When in these interrogatories you are requested to "identify" or to state the "identity" of a partnership or other business entity, such request, in each instance, shall be understood to seek the following information with respect to each such partnership or business entity: the name of the partnership or entity, the principal place of business and the dates of operation; and

(d)  When in these interrogatories you are requested to "identify" or to state the "identity" of a document, such request, in each instance, shall be understood to seek the following information with respect to each such document:  a description of the document, including the nature and content thereof, the date thereof, the name and address of the author(s) and recipient(s) thereof, and the person or entity having present custody thereof.  Whenever it is requested that a person or persons be identified, the full

name, current address and past and present relationship(s) with the answering defendant should be stated.   When a "document" is referred to in these interrogatories it means all written or printed matter of any kind, including but not limited to legal documents, letters, memoranda, business records, interoffice communications, and data stored electronically, which are in the possession or control of the answering party.

 (e)  If a claim of privilege is asserted concerning any information sought, identify as to each privileged communication:

 (i)  its date, (ii) its author(s) and the business title or position of its author(s), (iii) its recipient(s) and the business title or position of its recipient(s), (iv) the number of pages if in writing, (v) the subject matter of the communication, and (vi) the basis of the claimed privilege.

NOTE D:  In answering each interrogatory: (i) State whether the answer is within the personal knowledge of the person answering the interrogatory and, if not, the identity of each person known to have personal knowledge of the answer, and (ii) Identify each document that was used in any way to formulate the answer.

NOTE E: The term "occurrence" specifically refers to an incident which occurred on July 11, 2020, in which Plaintiff Daneell Moore was injured and which incident is the basis of the complaint in the above styled action.

NOTE F:   When used in these interrogatories, a "communication" means all oral conversations, discussions, letters, telegrams, memoranda, and any other transmission of information in any form, both oral and written.

3

## **INTERROGATORIES**

1. Please provide your full name, nicknames, aliases, date of birth, social security, current address and resident addresses for the last five years.

2. Please provide the name, address, phone number, and supervisor name for every employer you have had in the last ten years.  For each such employer, please provide the date of hire, the date you left, and the reason for leaving.

3. Please state whether you were driving for Defendant Sunlight Logistics Inc., AJ Logistics Inc., or Amazon Logistics Inc. on the date of the incident in question and describe the nature of your relationship with the same, i.e. owner-operator, for hire, lease driver.  If the answer is no, please provide the name of the company for which you were driving, the location of the company, the registered agent for service of process of the company, and describe the nature of your relationship with that company.

4. Please IDENTIFY all persons retained by you or expected to be retained by you as expert witnesses for use at trial or any other purpose in this case, the subject matter upon which each expert has investigated or is expected to investigate and form an opinion, the substance of the facts known and opinions held by each such expert, and a detailed summary of the grounds for each such opinion.

5. State the manner in which you were compensated on the date of the incident i.e., by the mile, by the load, by the hour, straight salary or explain any other basis).

6.  State and describe the basis for all of your work related incentives and reprimands.

7.  Identify and describe all means of credit by which you would obtain fuel and pay for other expenses while in route. If credit is involved, identify all relevant account numbers and credit providers by name and address.

8.  What is the company's policy as to the safe operation for commercial trucks, in what document(s) is this policy written, and how are said policies enforced?

9.  Identify the source and date of all complaints and/or recommendations by any person or entity made about defects, needed repairs and/or maintenance of the truck involved in the incident for the six-month period prior to the accident that is the subject of the Complaint.

10. Identify the dates of each repair/maintenance and the extent to which such complaints were satisfied (or, if not satisfied, the reason and identity of the person(s) making the decision not to repair).

11. Please state the company policy regarding reporting of wrecks and their aftermath and identify any documents containing such policy and reports as related to the accident that is the subject of the Complaint.

12. State whether any tests (blood, urine) were performed on you either pre-employment, randomly or post-accident, plus the results of any such tests and identification of the persons or entities who are in possession of the results and samples.

13. Identify all company policy or procedural manuals pertaining to the operation of company owned commercial trucks/ vehicles.

14. Regarding the vehicle involved in the accident as alleged in the Complaint, state, the name and address of each of its owners, it's make and model, its empty weight, the weight of its load at the time of the collision, its length, width and height, its licenses, its engine model and horsepower, its transmission type and model, the model and types of its brakes, its speed potential as configured, the makes, models, and mileage of its tires, any changes from its original configuration (and an explanation as to why each change was made), the name, street and mailing addresses of the individual or company the truck was purchased from, the make and model of any governors on the truck, the names, addresses, and telephone numbers of all operators who operated the truck within the six months prior to the accident as alleged in the Complaint, the nature of the employment relationship between you and the other defendants (lease operator, company driver, temporary driver, owner-operator, etc.), the load being transported at the time of the wreck including the following, identify where the load originated, identify who dispatched it, identify its contents, state its weight, and state the dates and times of its departure and arrival at the destination.

15. State whether the commercial truck involved in the accident as alleged in the complaint had an on-board recording device, computer, tachograph, trip monitor, trip recorder, or trip master.

16. Identify all on-board means for electronic communications possible at and before the time of the collision as alleged in the complaint (i.e., cb radio, cellular telephone, two-way radio, etc.). In identifying each, state the service provider and all applicable identification numbers.

17. If the trailer or truck had a telephone number displayed for persons to call with complaints (i.e., "How's my driving? Call 1-800-xxx-xxxx"), please state the identification number used to identify the vehicle, the telephone number displayed, the entity to whom such calls would be routed (including name and address), the manner in which the information received, your employer's policies with respect to complaints or notifications received, and any complaints which you were made aware of pertaining to you or this vehicle.

18. If any primary and/or excess insurance agreement or bond exist under the terms of which the person or company issuing the same may be called upon to satisfy all or part of any judgment which may be entered in favor of the Plaintiff in this action, please state the limits of liability contained in the terms of each such agreement, the legal names of each and every party to such agreement, and the amount of any deductible or self-insured retention as to each such agreement.

19. If you or anyone acting on your behalf obtained statements in any form from any person regarding the present collision, the Plaintiff and/or her past medical care, including statements by the Plaintiff, please state with respect to each such statement, the name and address of the person(s) to whom such statement was made, the date the statement was made, the form of the statement, if the statement was written, whether it was signed, and the names and addresses of all persons presently having custody of the statement.

20. Please identify any photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence concerning any of the events, happenings, scene of the wreck, or the condition of any vehicle (or

any part thereof) involved in the wreck either before or after the event alleged in this action, by describing said evidence, the date it was made or taken, the name and address of the person who made or created it, what each item purports to show, illustrate or represent, and, the name and address of each person having custody of such item or items.

21. If you allege any defense to this action based on jurisdiction, venue, issuance of process, process itself, or service of process, as to each such defense, please state each and every fact upon which you rely in asserting such defense, provide a complete description of all documents which you contend support said defense, the name and address of all persons having custody and control of said documents, and provide the full and complete legal addresses of this Defendant's registered office and agent.

22. Please state the name, address, home phone number, office phone number, and address of employment for each and every person, firm, or entity who, witnessed the wreck described in the Complaint, arrived at the scene of the wreck within two (2) hours after it occurred, has or who claims to have knowledge of liability in this action, or has or who claims to have knowledge of damages in this action.

23. Describe in detail the initial and continuing training requirements for you undertook as of the date of the present collision.

24. Please provide the number of accidents in which you have been involved, the date of each accident, the location of each accident, and whether or not there were injuries in each accident.

25. If you have ever been convicted of a felony, please list the offense, the date of the conviction, the location of the conviction, and the disposition of the conviction.

26. If your driver's license ever been suspended, restricted or revoked, please provide the date(s) and reason(s) for each such suspension.

27. What are your employer's policies regarding recording trip logs, i.e. how often do you have to record, do you record electronically, do you record on paper, who has possession of the trip logs?

Dated this 31st day of May 2022.

Respectfully submitted,

SEXTON LAW FIRM, LLP
124 Atlanta Street
McDonough, GA 30253
770-474-9335 / fax 866-529-0828
jacob@sextonlawfirm.com

_____
Jacob A. Weldon
Georgia Bar No. 966930
*Attorney for Plaintiff*

🔲 **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2022-SU-V-0176**
**THOMAS WILSON**
**MAY 31, 2022 12:21 PM**

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

## IN THE SUPERIOR COURT OF BUTTS COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **ALDINE KIMBELL** | ) | |
| **Plaintiff** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | |
| | ) | |
| **SUNLIGHT LOGISTICS, INC.,** | ) | |
| **AJ LOGISTICS, INC.,** | ) | |
| **AMAZON LOGISTICS, INC.,** | ) | |
| **COUNTY HALL INSURANCE** | ) | |
| **COMPANY, INC., and AFMESHAR** | ) | |
| **WARSAME** | ) | |
| **Defendants.** | ) | |

## PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT
## AJ LOGISTICS, INC.

COMES NOW Plaintiffs in the above-styled case and, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, and other applicable portions of the Civil Practice Act, require the defendant to answer under oath the following interrogatories within the time provided by law and to furnish a copy of said answers to plaintiffs' attorney at SEXTON LAW FIRM, LLP., 124 Atlanta Street, McDonough, GA. 30253.

NOTE A:     When used in these interrogatories, the term "defendant(s)," or any synonym thereof, is intended to and shall embrace and include, in addition to said defendant(s), counsel for defendant(s) and all agents, servants, employees, representatives, private investigators, and others who are in possession of or may have obtained information for or on behalf of the defendant(s) to whom the interrogatories are directed.

NOTE B:     These interrogatories shall be deemed continuing, and supplemental answers shall be required if the defendant(s), directly or indirectly, obtains further information of the nature sought after answers are initially served.

<u>NOTE C</u>:       Reference to the term "identify" or "identity" means:

(a)  When in these interrogatories you are requested to "identify" or to state the "identity" of a <u>person</u> or <u>persons</u>, such request, in each instance, shall be understood to seek the following information with respect to each such person or persons: Name, last known address, home telephone number, business telephone number, place of employment, job title or capacity, and present whereabouts;

(b)  When in these interrogatories you are requested to "identify" or to state the "identity" of a <u>corporation</u>, such request, in each instance, shall be understood to seek the following information with respect to each such corporation: the full and correct registered name, state of incorporation, principal place of business, and dates of existence;

(c)  When in these interrogatories you are requested to "identify" or to state the "identity" of a <u>partnership</u> or <u>other business entity</u>, such request, in each instance, shall be understood to seek the following information with respect to each such partnership or business entity: the name of the partnership or entity, the principal place of business and the dates of operation; and

(d)  When in these interrogatories you are requested to "identify" or to state the "identity" of a <u>document</u>, such request, in each instance, shall be understood to seek the following information with respect to each such document:  a description of the document, including the nature and content thereof, the date thereof, the name and address of the author(s) and recipient(s) thereof, and the person or entity having present custody thereof.  Whenever it is requested that a person or persons be identified, the full name, current address and past and present relationship(s) with the answering defendant should be stated.   When a "document" is referred to in these interrogatories it means all written or printed matter of any kind, including

2

but not limited to legal documents, letters, memoranda, business records, interoffice communications, and data stored electronically, which are in the possession or control of the answering party.

(e)  If a claim of privilege is asserted concerning any information sought, identify as to each privileged communication:

(i)  its date, (ii) its author(s) and the business title or position of its author(s), (iii) its recipient(s) and the business title or position of its recipient(s), (iv) the number of pages if in writing, (v) the subject matter of the communication, and (vi) the basis of the claimed privilege.

NOTE D:  In answering each interrogatory: (i) State whether the answer is within the personal knowledge of the person answering the interrogatory and, if not, the identity of each person known to have personal knowledge of the answer, and (ii) Identify each document that was used in any way to formulate the answer.

NOTE E: The term "occurrence" specifically refers to an incident which occurred on July 11, 2022, in which Plaintiff Aldine Kimbell was injured and which incident is the basis of the complaint in the above styled action.

NOTE F:  When used in these interrogatories, a "communication" means all oral conversations, discussions, letters, telegrams, memoranda, and any other transmission of information in any form, both oral and written.

## **INTERROGATORIES**

1. Please IDENTIFY all persons who are known or are claimed by you to have knowledge of or investigated the incident which forms the basis of the complaint.

2. Please IDENTIFY all persons who are known or claimed by you to have knowledge of the injuries and/or damages allegedly suffered by Plaintiffs in the incident which forms the basis of the Complaint.

3. Please IDENTIFY all persons retained by you or expected to be retained by you as an expert witness to investigate the incident at issue in this case or for use at trial

4. With respect to each individual identified in your response to interrogatories 4 and 5 above, please state the subject matter upon which each expert either has investigated or is expected to, investigate and form an opinion, the substance of the facts known and opinions held by each such expert, and a detailed summary of the grounds for each such opinion.

5. Please set forth in detail all facts which you claim support your contentions, if any, that Defendants are not liable to the Plaintiffs in this action.

6. Please describe in detail every act or omission which you contend was a criminal act, act of negligence, or act of negligence per se on the part of the Plaintiff or on the part of any other individual or entity involved in this incident, including the statute, ordinance, rule and/or regulation which you contend was violated.

7. Please identify any recorded or written statements by persons who you contend have knowledge of the subject incident by name of the person giving the statement, the date the statement was taken, and the name and address of the person who took the statement.

4

8. Please list/identify any documents reviewed or examined for purposes of answering these interrogatories, including any and all photographs, maps, models, drawings or diagrams depicting the incident which forms the basis of the complaint, the incident scene and/or any injuries or damages allegedly suffered by the Plaintiff as the result of said incident and the subject matter which each document purports to contain or depict, along with the name and address of the photographer or maker, and the date it was taken or made.

9. Please identify any and all persons consulted to answer any of the interrogatories. (It is not necessary for you to disclose the contents of such communications, only the names and addresses of the persons consulted.)

10. Please give your version of the incident at issue in this case, including all facts concerning this incident. If you received any other criminal charges relating to this incident, please state what were you charged with and the disposition of any charges.

11. Please provide the nature and dates of employment and contractual relationship between your company and the other Defendants in this case.

12. Please detail the manner in which Defendant Warsame was at the time of the subject collision compensated (i.e., by the mile, by the load, by the hour, straight salary or explain any other basis), if any change to this has occurred since the date of collision, and the basis any work-related incentives and/or reprimands.

13. Identify and describe all means of credit by which Defendant Warsame would obtain fuel and pay for other expenses while in route, including all relevant account numbers and credit providers by name and address.

14. Identify the persons employed by the company or contracted with the company (both at the time of the accident in question and at the time the interrogatories are being answered) who have knowledge of the following or serve(d) in the following position(s): company safety policies and operations; investigation of the accident in question; maintenance and repairs of the truck; the safety director; the director of fleet safety program; the medical review officer; the director of employee assistance program; the medical technologist (for blood, urine and breath tests); all dispatchers; all mechanics who worked on the vehicle involved in the accident that is; the subject of the Complaint; all supervisors of the mechanics identified above; the person(s) who administered both the driving test and the written test to Afmeshar Warsame; the insurance loss control expert from the insurance company who has inspected operations; the officer or official in charge of operational safety; the supervisor of records; the person(s) who investigated the accident in question; all members and participants of the accident review board and/or internal group that reviews accidents or alleged accidents of your drivers.

15. Please state the company's policy as to the operational speeds for trucks, what documents is this policy written, and how this policy is enforced.

16. Please state the company's policy as to drivers' hours of operation (i.e., maximum hours on-duty, off duty and in sleeper berth), in what documents is this policy written, and how this policy is enforced.

17. Identify the source and date of all complaints and/or recommendations by any person or entity made about defects, needed repairs and/or maintenance of the truck involved in the incident for the six-month period prior to the accident that is the subject of the Complaint.

6

18. Identify the dates of each repair and/or maintenance performed on the truck and/or trailer that was involved in the July 11, 2020 incident and the extent to which any complaints about said truck and/or trailer were satisfied (or, if not satisfied, the reason and identity of the person(s) making the decision not to repair).

19. Identify the company policy regarding reporting of wrecks and their aftermath and any documents containing such policy and reports as related to the accident that is the subject of the Complaint.

20. State whether any tests (blood, urine) were performed on Afmeshar Warsame either pre-employment, randomly or post-accident, plus the results of any such tests and identification of the persons or entities who are in possession of the results and samples.

21. State provide the results and findings of any accident review/investigation involving your driver Afmeshar Warsame and identify the persons or entities who are in possession of said results/findings and all associated documents.

22. Identify all company policy or procedural manuals pertaining to the operation of company owned tractor-trailers and/or owner operated tractor trailers.

23. Regarding the vehicle involved in the accident as alleged in the Complaint, please provide the name and address of each of its owners, the weight of its load at the time of the collision, its licenses, the model and types of its brakes, its speed potential as configured, the makes, models, and mileage of its tires, any changes from its original configuration (and an explanation as to why each change was made); the make and model of any governors on the truck; the names, addresses, and telephone numbers of all operators who operated the truck within the six months prior to the accident as alleged in

the Complaint; the nature of the employment relationship between you and Defendant Warsame (lease operator, company driver, temporary driver, owner-operator, etc.); the load being transported at the time of the wreck and where the load originated, who dispatched it, its contents, its weight; and the dates and times of its departure and arrival at the destination.

24. State whether the tractor-trailer involved in the accident as alleged in the complaint had an on-board recording device, computer, tachograph, trip monitor, trip recorder, or trip master.

25. Identify all on-board means for electronic communications possible at and before the time of the collision as alleged in the complaint (i.e., cb radio, cellular telephone, two-way radio, etc.) stating the service provider, all applicable identification numbers, and owner/obligor of said account.

26. If the truck and/or trailer involved in this incident had a telephone number displayed for persons to call with complaints (i.e., "How's my driving? Call 1-800-xxx-xxxx"), please state the following the identification number used to identify the truck/trailer, telephone number displayed, the entity to whom such calls would be routed (including name and address), the manner in which the information received by the entity stated above, is transmitted to you, and your policies with respect to complaints or notifications received, and the complaints and other information ever received on the driver's vehicle.

27. Only if you allege any defense to this action based on jurisdiction, venue, issuance of process, process itself, or service of process, as to each such defense, please state each and every fact upon which you rely in asserting such defense.

28. Describe in detail the initial and continuing training requirements for your drivers as of the date of the present collision.

29. Describe in detail your drug and alcohol programs including, without limitation, your random drug testing program.

30. Please list each and every review by federal, state, and/or other entities, including the date, subject, and results of any such review conducted during the last 10 years.

31. Please provide the details, including limits of liability, legal names of the parties to the agreement, the deductible or self-insured retention, of any primary and/or excess insurance agreement or bond that exists under the terms of which the person or company issuing the same may be called upon to satisfy all or part of any judgment which may be entered in favor of the Plaintiff in this action?

32. Please provide the name, address, telephone number and, if applicable, registered agent information for each person or entity which you claim should be a named defendant in the above styled matter.

Dated this 31st day of May 2022.

Respectfully submitted,

SEXTON LAW FIRM, LLP
124 Atlanta Street
McDonough, GA 30253
770-474-9335 / fax 866-529-0828
jacob@sextonlawfirm.com

Jacob A. Weldon
Georgia Bar No. 966930
*Attorney for Plaintiff*

9

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2022-SU-V-0176**
THOMAS WILSON
MAY 31, 2022 12:21 PM

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

## IN THE SUPERIOR COURT OF BUTTS COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **ALDINE KIMBELL** | ) | |
| **Plaintiff** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | |
| | ) | |
| **SUNLIGHT LOGISTICS, INC.,** | ) | |
| **AJ LOGISTICS, INC.,** | ) | |
| **AMAZON LOGISTICS, INC.,** | ) | |
| **COUNTY HALL INSURANCE** | ) | |
| **COMPANY, INC., and AFMESHAR** | ) | |
| **WARSAME** | ) | |
| **Defendants.** | ) | |

## PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT
## AMAZON LOGISTICS, INC.

COMES NOW Plaintiffs in the above-styled case and, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, and other applicable portions of the Civil Practice Act, require the defendant to answer under oath the following interrogatories within the time provided by law and to furnish a copy of said answers to plaintiffs' attorney at SEXTON LAW FIRM, LLP, 124 Atlanta Street, McDonough, GA. 30253.

NOTE A:    When used in these interrogatories, the term "defendant(s)," or any synonym thereof, is intended to and shall embrace and include, in addition to said defendant(s), counsel for defendant(s) and all agents, servants, employees, representatives, private investigators, and others who are in possession of or may have obtained information for or on behalf of the defendant(s) to whom the interrogatories are directed.

NOTE B:    These interrogatories shall be deemed continuing, and supplemental answers shall be required if the defendant(s), directly or indirectly, obtains further information of the nature sought after answers are initially served.

<u>NOTE C</u>:      Reference to the term "identify" or "identity" means:

(a) When in these interrogatories you are requested to "identify" or to state the "identity" of a <u>person</u> or <u>persons</u>, such request, in each instance, shall be understood to seek the following information with respect to each such person or persons: Name, last known address, home telephone number, business telephone number, place of employment, job title or capacity, and present whereabouts;

(b) When in these interrogatories you are requested to "identify" or to state the "identity" of a <u>corporation</u>, such request, in each instance, shall be understood to seek the following information with respect to each such corporation: the full and correct registered name, state of incorporation, principal place of business, and dates of existence;

(c) When in these interrogatories you are requested to "identify" or to state the "identity" of a <u>partnership</u> or <u>other business entity</u>, such request, in each instance, shall be understood to seek the following information with respect to each such partnership or business entity: the name of the partnership or entity, the principal place of business and the dates of operation; and

(d) When in these interrogatories you are requested to "identify" or to state the "identity" of a <u>document</u>, such request, in each instance, shall be understood to seek the following information with respect to each such document: a description of the document, including the nature and content thereof, the date thereof, the name and address of the author(s) and recipient(s) thereof, and the person or entity having present custody thereof. Whenever it is requested that a person or persons be identified, the full name, current address and past and present relationship(s) with the answering defendant

2

should be stated.  When a "document" is referred to in these interrogatories it means all written or printed matter of any kind, including but not limited to legal documents, letters, memoranda, business records, interoffice communications, and data stored electronically, which are in the possession or control of the answering party.

(e) If a claim of privilege is asserted concerning any information sought, identify as to each privileged communication:

(i) its date, (ii) its author(s) and the business title or position of its author(s), (iii) its recipient(s) and the business title or position of its recipient(s), (iv) the number of pages if in writing, (v) the subject matter of the communication, and (vi) the basis of the claimed privilege.

NOTE D: In answering each interrogatory: (i) State whether the answer is within the personal knowledge of the person answering the interrogatory and, if not, the identity of each person known to have personal knowledge of the answer, and (ii) Identify each document that was used in any way to formulate the answer.

NOTE E: The term "occurrence" specifically refers to an incident which occurred on July 11, 2020, in which Plaintiff Aldine Kimbell was injured and which incident is the basis of the complaint in the above styled action.

NOTE F:  When used in these interrogatories, a "communication" means all oral conversations, discussions, letters, telegrams, memoranda, and any other transmission of information in any form, both oral and written.

## **INTERROGATORIES**

1. Please IDENTIFY all persons who are known or are claimed by you to have knowledge of or investigated the incident which forms the basis of the complaint.

2. Please IDENTIFY all persons who are known or claimed by you to have knowledge of the injuries and/or damages allegedly suffered by Plaintiffs in the incident which forms the basis of the Complaint.

3. Please IDENTIFY all persons retained by you or expected to be retained by you as an expert witness to investigate the incident at issue in this case or for use at trial

4. With respect to each individual identified in your response to interrogatories 4 and 5 above, please state the subject matter upon which each expert either has investigated or is expected to, investigate and form an opinion, the substance of the facts known and opinions held by each such expert, and a detailed summary of the grounds for each such opinion.

5. Please set forth in detail all facts which you claim support your contentions, if any, that Defendants are not liable to the Plaintiffs in this action.

6. Please describe in detail every act or omission which you contend was a criminal act, act of negligence, or act of negligence per se on the part of the Plaintiff or on the part of any other individual or entity involved in this incident, including the statute, ordinance, rule and/or regulation which you contend was violated.

7. Please identify any recorded or written statements by persons who you contend have knowledge of the subject incident by name of the person giving the

4

statement, the date the statement was taken, and the name and address of the person who took the statement.

8. Please list/identify any documents reviewed or examined for purposes of answering these interrogatories, including any and all photographs, maps, models, drawings or diagrams depicting the incident which forms the basis of the complaint, the incident scene and/or any injuries or damages allegedly suffered by the Plaintiff as the result of said incident and the subject matter which each document purports to contain or depict, along with the name and address of the photographer or maker, and the date it was taken or made.

9. Please IDENTIFY any and all persons consulted to answer any of the interrogatories. (It is not necessary for you to disclose the contents of such communications, only the names and addresses of the persons consulted.)

10. Please give your version of the incident at issue in this case, including all facts concerning this incident. If you received any other criminal charges relating to this incident, please state what were you charged with and the disposition of any charges.

11. Please provide the nature and dates of employment and contractual relationship between your company and the other Defendants in this case.

12. Please detail the manner in which Defendant Warsame was at the time of the subject collision compensated (i.e., by the mile, by the load, by the hour, straight salary or explain any other basis), if any change to this has occurred since the date of collision, and the basis any work-related incentives and/or reprimands.

13. Identify and describe all means of credit by which Defendant Warsame would obtain fuel and pay for other expenses while in route, including all relevant account numbers and credit providers by name and address.

14. Identify the persons employed by the company or contracted with the company (both at the time of the accident in question and at the time the interrogatories are being answered) who have knowledge of the following or serve(d) in the following position(s): company safety policies and operations; investigation of the accident in question; maintenance and repairs of the trailer; the safety director; the director of fleet safety program; the medical review officer; the director of employee assistance program; the medical technologist (for blood, urine and breath tests); all dispatchers; all mechanics who worked on the vehicle involved in the accident that is; the subject of the Complaint; all supervisors of the mechanics identified above; the person(s) who administered both the driving test and the written test to Afmeshar Warsame; the insurance loss control expert from the insurance company who has inspected operations; the officer or official in charge of operational safety; the supervisor of records; the person(s) who investigated the accident in question; all members and participants of the accident review board and/or internal group that reviews accidents or alleged accidents of your drivers.

15. Please state the company's policy as to the operational speeds for trucks, what documents is this policy written, and how this policy is enforced.

16. Please state the company's policy as to drivers' hours of operation (i.e., maximum hours on-duty, off duty and in sleeper berth), in what documents is this policy written, and how this policy is enforced.

17. Identify the source and date of all complaints and/or recommendations by any person or entity made about defects, needed repairs and/or maintenance of the trailer involved in the incident for the six-month period prior to the accident that is the subject of the Complaint.

18. Identify the dates of each repair and/or maintenance performed on the trailer that was involved in the July 11, 2020 incident and the extent to which any complaints about said trailer were satisfied (or, if not satisfied, the reason and identity of the person(s) making the decision not to repair).

19. Identify the company policy regarding reporting of wrecks and their aftermath and any documents containing such policy and reports as related to the accident that is the subject of the Complaint.

20. State whether any tests (blood, urine) were performed on Afmeshar Warsame either pre-employment, randomly or post-accident, plus the results of any such tests and identification of the persons or entities who are in possession of the results and samples.

21. State provide the results and findings of any accident review/investigation involving your driver Afmeshar Warsame and identify the persons or entities who are in possession of said results/findings and all associated documents.

22. Identify all company policy or procedural manuals pertaining to the operation of company owned tractor-trailers and/or owner operated tractor trailers.

23. Regarding the vehicle involved in the accident as alleged in the Complaint, please provide the name and address of each of its owners, the weight of its load at the time of the collision, its licenses, the model and types of its brakes, its speed

potential as configured, the makes, models, and mileage of its tires, any changes from its original configuration (and an explanation as to why each change was made); the make and model of any governors on the truck; the names, addresses, and telephone numbers of all operators who operated the truck within the six months prior to the accident as alleged in the Complaint; the nature of the employment relationship between you and Defendant Warsame (lease operator, company driver, temporary driver, owner-operator, etc.); the load being transported at the time of the wreck and where the load originated, who dispatched it, its contents, its weight; and the dates and times of its departure and arrival at the destination.

24. State whether the tractor-trailer involved in the accident as alleged in the complaint had an on-board recording device, computer, tachograph, trip monitor, trip recorder, or trip master.

25. Identify all on-board means for electronic communications possible at and before the time of the collision as alleged in the complaint (i.e., cb radio, cellular telephone, two-way radio, etc.) stating the service provider, all applicable identification numbers, and owner/obligor of said account.

26. If the trailer involved in this incident had a telephone number displayed for persons to call with complaints (i.e., "How's my driving? Call 1-800-xxx-xxxx"), please state the following the identification number used to identify the vehicle/trailer, telephone number displayed, the entity to whom such calls would be routed (including name and address), the manner in which the information received by the entity stated above, is transmitted to you, and your policies with

respect to complaints or notifications received, and the complaints and other information ever received on the driver's vehicle.

27. Only if you allege any defense to this action based on jurisdiction, venue, issuance of process, process itself, or service of process, as to each such defense, please state each and every fact upon which you rely in asserting such defense.

28. Describe in detail the initial and continuing training requirements for your drivers as of the date of the present collision.

29. Describe in detail your drug and alcohol programs including, without limitation, your random drug testing program.

30. Please list each and every review by federal, state, and/or other entities, including the date, subject, and results of any such review conducted during the last 10 years.

31. Please provide the details, including limits of liability, legal names of the parties to the agreement, the deductible or self-insured retention, of any primary and/or excess insurance agreement or bond that exists under the terms of which the person or company issuing the same may be called upon to satisfy all or part of any judgment which may be entered in favor of the Plaintiff in this action?

32. Please provide the name, address, telephone number and, if applicable, registered agent information for each person or entity which you claim should be a named defendant in the above styled matter.

Dated this <u>31st</u> day of May 2022.

                                        Respectfully submitted,


SEXTON LAW FIRM, LLP                    _____
124 Atlanta Street                      Jacob A. Weldon
McDonough, GA 30253                     Georgia Bar No. 966930
770-474-9335 / fax 866-529-0828         *Attorney for Plaintiff*
jacob@sextonlawfirm.com

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2022-SU-V-0176**
THOMAS WILSON
MAY 31, 2022 12:21 PM

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

## IN THE SUPERIOR COURT OF BUTTS COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **ALDINE KIMBELL** | ) | |
| **Plaintiff** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | |
| | ) | |
| **SUNLIGHT LOGISTICS, INC.,** | ) | |
| **AJ LOGISTICS, INC.,** | ) | |
| **AMAZON LOGISTICS, INC.,** | ) | |
| **COUNTY HALL INSURANCE** | ) | |
| **COMPANY, INC., and AFMESHAR** | ) | |
| **WARSAME** | ) | |
| **Defendants.** | ) | |

## PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT
## COUNTY HALL INSURANCE COMPANY, INC.

COMES NOW Plaintiffs in the above-styled case and, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, and other applicable portions of the Civil Practice Act, require the defendant to answer under oath the following interrogatories within the time provided by law and to furnish a copy of said answers to plaintiffs' attorney at SEXTON LAW FIRM, LLP, 124 Atlanta Street, McDonough, GA. 30253.

NOTE A:     When used in these interrogatories, the term "defendant(s)," or any synonym thereof, is intended to and shall embrace and include, in addition to said defendant(s), counsel for defendant(s) and all agents, servants, employees, representatives, private investigators, and others who are in possession of or may have obtained information for or on behalf of the defendant(s) to whom the interrogatories are directed.

NOTE B:     These interrogatories shall be deemed continuing, and supplemental answers shall be required if the defendant(s), directly or indirectly, obtains further information of the nature sought after answers are initially served.

<u>NOTE C</u>:        Reference to the term "identify" or "identity" means:

(a)  When in these interrogatories you are requested to "identify" or to state the "identity" of a <u>person</u> or <u>persons</u>, such request, in each instance, shall be understood to seek the following information with respect to each such person or persons: Name, last known address, home telephone number, business telephone number, place of employment, job title or capacity, and present whereabouts;

(b)  When in these interrogatories you are requested to "identify" or to state the "identity" of a <u>corporation</u>, such request, in each instance, shall be understood to seek the following information with respect to each such corporation: the full and correct registered name, state of incorporation, principal place of business, and dates of existence;

(c)  When in these interrogatories you are requested to "identify" or to state the "identity" of a <u>partnership</u> or <u>other business entity</u>, such request, in each instance, shall be understood to seek the following information with respect to each such partnership or business entity: the name of the partnership or entity, the principal place of business and the dates of operation; and

(d)  When in these interrogatories you are requested to "identify" or to state the "identity" of a <u>document</u>, such request, in each instance, shall be understood to seek the following information with respect to each such document:   a description of the document, including the nature and content thereof, the date thereof, the name and address of the author(s) and recipient(s) thereof, and the person or entity having present custody thereof.  Whenever it is requested that a person or persons be identified, the full name, current address and past and present relationship(s) with the answering defendant

2

should be stated.   When a "document" is referred to in these interrogatories it means all written or printed matter of any kind, including but not limited to legal documents, letters, memoranda, business records, interoffice communications, and data stored electronically, which are in the possession or control of the answering party.

(e)  If a claim of privilege is asserted concerning any information sought, identify as to each privileged communication:

(i)  its date, (ii) its author(s) and the business title or position of its author(s), (iii) its recipient(s) and the business title or position of its recipient(s), (iv) the number of pages if in writing, (v) the subject matter of the communication, and (vi) the basis of the claimed privilege.

NOTE D:  In answering each interrogatory: (i) State whether the answer is within the personal knowledge of the person answering the interrogatory and, if not, the identity of each person known to have personal knowledge of the answer, and (ii) Identify each document that was used in any way to formulate the answer.

NOTE E: The term "occurrence" specifically refers to an incident which occurred on July 11, 2020, in which Plaintiff Aldine Kimbell was injured and which incident is the basis of the complaint in the above styled action.

NOTE F:   When used in these interrogatories, a "communication" means all oral conversations, discussions, letters, telegrams, memoranda, and any other transmission of information in any form, both oral and written.

3

## **INTERROGATORIES**

1. Please state the date of any and all loss surveys run on Sunlight Logistics Inc., AJ Logistics Inc., and Amazon Logistics Inc. along with the results and reasons for any such survey in the last five years.

2. Do you have in your possession any loss run logs on Defendant Sunlight Logistics Inc. or Defendant Afmeshar Warsame?  If so, please state the beginning and ending dates of any such logs and the person having custody of same.

3. Have you filed any documents with the Georgia Public Service Commission or the Georgia Department of Motor Vehicles or any other State agency regarding Sunlight Logistics Inc. or Defendant Afmeshar Warsame?  If so, please provide the following information:

   a)      A description of the documents filed;

   b)      The name of the state department or agency where any documents were filed;

   c)      The date documents were filed;

   d)      The reason for filing any documents.

4. Do you dispute that you provide coverage for Sunlight Logistics, Inc., AJ Logistics, Inc., Amazon Logistics, Inc., and/or Afmeshar Warsame for the incident at issue in Plaintiff's complaint?  If the answer is yes, please state why you dispute that you are providing coverage for the incident.

5. For each such policy of insurance that provides coverage for the incident at issue in Plaintiffs' complaint, please provide the following information:

a)      The named insureds;

b)      The applicable policy limits;

c)      The policy numbers.

Dated this <u>31st</u> day of May 2022.

Respectfully submitted,

SEXTON LAW FIRM, LLP
124 Atlanta Street
McDonough, GA 30253
770-474-9335 / fax 866-529-0828
jacob@sextonlawfirm.com

Jacob A. Weldon
Georgia Bar No. 966930
*Attorney for Plaintiff*

5

🖥 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2022-SU-V-0176**
THOMAS WILSON
MAY 31, 2022 12:21 PM

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

## IN THE SUPERIOR COURT OF BUTTS COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **ALDINE KIMBELL** | ) | |
| **Plaintiff** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | |
| | ) | |
| **SUNLIGHT LOGISTICS, INC.,** | ) | |
| **AJ LOGISTICS, INC.,** | ) | |
| **AMAZON LOGISTICS, INC.,** | ) | |
| **COUNTY HALL INSURANCE** | ) | |
| **COMPANY, INC., and AFMESHAR** | ) | |
| **WARSAME** | ) | |
| **Defendants.** | ) | |

---

### PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT
### SUNLIGHT LOGISTICS, INC.

COMES NOW Plaintiffs in the above-styled case and, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, and other applicable portions of the Civil Practice Act, require the defendant to answer under oath the following interrogatories within the time provided by law and to furnish a copy of said answers to plaintiffs' attorney at SEXTON LAW FIRM, LLP, 124 Atlanta Street, McDonough, GA. 30253.

NOTE A:     When used in these interrogatories, the term "defendant(s)," or any synonym thereof, is intended to and shall embrace and include, in addition to said defendant(s), counsel for defendant(s) and all agents, servants, employees, representatives, private investigators, and others who are in possession of or may have obtained information for or on behalf of the defendant(s) to whom the interrogatories are directed.

NOTE B:     These interrogatories shall be deemed continuing, and supplemental answers shall be required if the defendant(s), directly or indirectly, obtains further information of the nature sought after answers are initially served.

NOTE C:        Reference to the term "identify" or "identity" means:

(a)  When in these interrogatories you are requested to "identify" or to state the "identity" of a <u>person</u> or <u>persons</u>, such request, in each instance, shall be understood to seek the following information with respect to each such person or persons: Name, last known address, home telephone number, business telephone number, place of employment, job title or capacity, and present whereabouts;

(b)  When in these interrogatories you are requested to "identify" or to state the "identity" of a <u>corporation</u>, such request, in each instance, shall be understood to seek the following information with respect to each such corporation: the full and correct registered name, state of incorporation, principal place of business, and dates of existence;

(c)  When in these interrogatories you are requested to "identify" or to state the "identity" of a <u>partnership</u> or <u>other business entity</u>, such request, in each instance, shall be understood to seek the following information with respect to each such partnership or business entity: the name of the partnership or entity, the principal place of business and the dates of operation; and

(d)  When in these interrogatories you are requested to "identify" or to state the "identity" of a <u>document</u>, such request, in each instance, shall be understood to seek the following information with respect to each such document:  a description of the document, including the nature and content thereof, the date thereof, the name and address of the author(s) and recipient(s) thereof, and the person or entity having present custody thereof.  Whenever it is requested that a person or persons be identified, the full name, current address and past and present relationship(s) with the answering defendant should be stated.   When a "document" is referred to in these interrogatories it means all written or printed matter of any kind, including

2

but not limited to legal documents, letters, memoranda, business records, interoffice communications, and data stored electronically, which are in the possession or control of the answering party.

(e)  If a claim of privilege is asserted concerning any information sought, identify as to each privileged communication:

(i)  its date, (ii) its author(s) and the business title or position of its author(s), (iii) its recipient(s) and the business title or position of its recipient(s), (iv) the number of pages if in writing, (v) the subject matter of the communication, and (vi) the basis of the claimed privilege.

NOTE D:  In answering each interrogatory: (i) State whether the answer is within the personal knowledge of the person answering the interrogatory and, if not, the identity of each person known to have personal knowledge of the answer, and (ii) Identify each document that was used in any way to formulate the answer.

NOTE E: The term "occurrence" specifically refers to an incident which occurred on July 11, 2020, in which Plaintiff Kimbell was injured and which incident is the basis of the complaint in the above styled action.

NOTE F:   When used in these interrogatories, a "communication" means all oral conversations, discussions, letters, telegrams, memoranda, and any other transmission of information in any form, both oral and written.

## **INTERROGATORIES**

1. Please IDENTIFY all persons who are known or are claimed by you to have knowledge of or investigated the incident which forms the basis of the complaint.

2. Please IDENTIFY all persons who are known or claimed by you to have knowledge of the injuries and/or damages allegedly suffered by Plaintiffs in the incident which forms the basis of the Complaint.

3. Please IDENTIFY all persons retained by you or expected to be retained by you as an expert witness to investigate the incident at issue in this case or for use at trial

4. With respect to each individual identified in your response to interrogatories 4 and 5 above, please state the subject matter upon which each expert either has investigated or is expected to, investigate and form an opinion, the substance of the facts known and opinions held by each such expert, and a detailed summary of the grounds for each such opinion.

5. Please set forth in detail all facts which you claim support your contentions, if any, that Defendants are not liable to the Plaintiffs in this action.

6. Please describe in detail every act or omission which you contend was a criminal act, act of negligence, or act of negligence per se on the part of the Plaintiff or on the part of any other individual or entity involved in this incident, including the statute, ordinance, rule and/or regulation which you contend was violated.

7. Please identify any recorded or written statements by persons who you contend have knowledge of the subject incident by name of the person giving the statement, the date the statement was taken, and the name and address of the person who took the statement.

4

8.  Please list/identify any documents reviewed or examined for purposes of answering these interrogatories, including any and all photographs, maps, models, drawings or diagrams depicting the incident which forms the basis of the complaint, the incident scene and/or any injuries or damages allegedly suffered by the Plaintiff as the result of said incident and the subject matter which each document purports to contain or depict, along with the name and address of the photographer or maker, and the date it was taken or made.

9.  Please identify any and all persons consulted to answer any of the interrogatories. (It is not necessary for you to disclose the contents of such communications, only the names and addresses of the persons consulted.)

10. Please give your version of the incident at issue in this case, including all facts concerning this incident. If you received any other criminal charges relating to this incident, please state what were you charged with and the disposition of any charges.

11. Please provide the nature and dates of employment and contractual relationship between your company and the other Defendants in this case.

12. Please detail the manner in which Defendant Warsame was at the time of the subject collision compensated (i.e., by the mile, by the load, by the hour, straight salary or explain any other basis), if any change to this has occurred since the date of collision, and the basis any work-related incentives and/or reprimands.

13. Identify and describe all means of credit by which Defendant Warsame would obtain fuel and pay for other expenses while in route, including all relevant account numbers and credit providers by name and address.

14. Identify the persons employed by the company or contracted with the company (both at the time of the accident in question and at the time the interrogatories are being answered) who have knowledge of the following or serve(d) in the following position(s): company safety policies and operations; investigation of the accident in question; maintenance and repairs of the truck; the safety director; the director of fleet safety program; the medical review officer; the director of employee assistance program; the medical technologist (for blood, urine and breath tests); all dispatchers; all mechanics who worked on the vehicle involved in the accident that is; the subject of the Complaint; all supervisors of the mechanics identified above; the person(s) who administered both the driving test and the written test to Afmeshar Warsame; the insurance loss control expert from the insurance company who has inspected operations; the officer or official in charge of operational safety; the supervisor of records; the person(s) who investigated the accident in question; all members and participants of the accident review board and/or internal group that reviews accidents or alleged accidents of your drivers.

15. Please state the company's policy as to the operational speeds for trucks, what documents is this policy written, and how this policy is enforced.

16. Please state the company's policy as to drivers' hours of operation (i.e., maximum hours on-duty, off duty and in sleeper berth), in what documents is this policy written, and how this policy is enforced.

17. Identify the source and date of all complaints and/or recommendations by any person or entity made about defects, needed repairs and/or maintenance of the truck involved in the incident for the six-month period prior to the accident that is the subject of the Complaint.

6

18. Identify the dates of each repair and/or maintenance performed on the truck and/or trailer that was involved in the July 11, 2020 incident and the extent to which any complaints about said truck and/or trailer were satisfied (or, if not satisfied, the reason and identity of the person(s) making the decision not to repair).

19. Identify the company policy regarding reporting of wrecks and their aftermath and any documents containing such policy and reports as related to the accident that is the subject of the Complaint.

20. State whether any tests (blood, urine) were performed on Afmeshar Warsame either pre-employment, randomly or post-accident, plus the results of any such tests and identification of the persons or entities who are in possession of the results and samples.

21. State provide the results and findings of any accident review/investigation involving your driver Afmeshar Warsame and identify the persons or entities who are in possession of said results/findings and all associated documents.

22. Identify all company policy or procedural manuals pertaining to the operation of company owned tractor-trailers and/or owner operated tractor trailers.

23. Regarding the vehicle involved in the accident as alleged in the Complaint, please provide the name and address of each of its owners, the weight of its load at the time of the collision, its licenses, the model and types of its brakes, its speed potential as configured, the makes, models, and mileage of its tires, any changes from its original configuration (and an explanation as to why each change was made); the make and model of any governors on the truck; the names, addresses, and telephone numbers of all operators who operated the truck within the six months prior to the accident as alleged in

7

the Complaint; the nature of the employment relationship between you and Defendant Warsame (lease operator, company driver, temporary driver, owner-operator, etc.); the load being transported at the time of the wreck and where the load originated, who dispatched it, its contents, its weight; and the dates and times of its departure and arrival at the destination.

24. State whether the tractor-trailer involved in the accident as alleged in the complaint had an on-board recording device, computer, tachograph, trip monitor, trip recorder, or trip master.

25. Identify all on-board means for electronic communications possible at and before the time of the collision as alleged in the complaint (i.e., cb radio, cellular telephone, two-way radio, etc.) stating the service provider, all applicable identification numbers, and owner/obligor of said account.

26. If the truck and/or trailer involved in this incident had a telephone number displayed for persons to call with complaints (i.e., "How's my driving? Call 1-800-xxx-xxxx"), please state the following the identification number used to identify the truck/trailer, telephone number displayed, the entity to whom such calls would be routed (including name and address), the manner in which the information received by the entity stated above, is transmitted to you, and your policies with respect to complaints or notifications received, and the complaints and other information ever received on the driver's vehicle.

27. Only if you allege any defense to this action based on jurisdiction, venue, issuance of process, process itself, or service of process, as to each such defense, please state each and every fact upon which you rely in asserting such defense.

8

28. Describe in detail the initial and continuing training requirements for your drivers as of the date of the present collision.

29. Describe in detail your drug and alcohol programs including, without limitation, your random drug testing program.

30. Please list each and every review by federal, state, and/or other entities, including the date, subject, and results of any such review conducted during the last 10 years.

31. Please provide the details, including limits of liability, legal names of the parties to the agreement, the deductible or self-insured retention, of any primary and/or excess insurance agreement or bond that exists under the terms of which the person or company issuing the same may be called upon to satisfy all or part of any judgment which may be entered in favor of the Plaintiff in this action?

32. Please provide the name, address, telephone number and, if applicable, registered agent information for each person or entity which you claim should be a named defendant in the above styled matter.

Dated this 31ᵗʰ day of May 2022.

Respectfully submitted,

SEXTON LAW FIRM, LLP
124 Atlanta Street
McDonough, GA 30253
770-474-9335 / fax 866-529-0828
jacob@sextonlawfirm.com

Jacob A. Weldon
Georgia Bar No. 966930
*Attorney for Plaintiff*

9

⚜ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2022-SU-V-0176**
**THOMAS WILSON**
**MAY 31, 2022 12:21 PM**

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

### IN THE SUPERIOR COURT OF BUTTS COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| **ALDINE KIMBELL** | ) | |
| **Plaintiff** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | |
| | ) | |
| **SUNLIGHT LOGISTICS, INC.,** | ) | |
| **AJ LOGISTICS, INC.,** | ) | |
| **AMAZON LOGISTICS, INC.,** | ) | |
| **COUNTY HALL INSURANCE** | ) | |
| **COMPANY, INC., and AFMESHAR** | ) | |
| **WARSAME** | ) | |
| **Defendants.** | ) | |

---

### PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AFMESHAR WARSAME

COMES NOW Plaintiffs, by and through their attorney of record, and pursuant to the Rules of Civil Procedure serve upon you his Request for Production of Documents and Notice to Produce, as follows: You are required to respond to this request for production of documents within the time specified in the Rules of Civil Procedure. You are requested to produce the documents requested by 5:00 p.m. within the time required by law by either (1) producing said documents, in person, at the offices of Sexton Law Firm, LLP, 124 Atlanta Street, McDonough, GA 30253, or (2) unless the <u>original</u> document has been requested, you may comply by mailing of copies of said documents to plaintiff's counsel at: 124 Atlanta Street, McDonough, GA 30253.

<u>DEFINITIONS OF TERMS</u>

When used in this request for production, the following words shall have the following meanings:

1. The term "defendant" or "this defendant" or "you" and "your" or any synonym thereof, whether singular or plus, is intended to and shall embrace and include the named defendant and

all present and former subsidiaries, divisions, affiliates, and predecessor entities of said defendant as well as all of its present or past agents, consultants, employees, representatives, and others who are in possession of or may have created or obtained information for or on behalf of defendant as defined herein.

2. The term "document" encompasses any form of information storage or communication including but not limited to any paper, film, video, photograph, microfilm, microfiche, computer storage or printout, or other form for storing or communicating information such as records, reports, notes, minutes, drafts, memoranda, diaries, calendars, correspondence, telegrams, schedules, bulletins, data sheets, work sheets, orders, printouts, articles, manuals, agreement contract formulas, test results, instruction analyses' lists, bibliographies, newspapers, periodicals, books, invoices, bills of lading, shipping orders, freight bills, advertisements, labels, brochures, pamphlets, or binders; with each copy of any such document bearing marginal or other notations, charges, comments, or amendments constituting a document separate and apart from the original or any other copy.

3. Reference to the term "identify" or "identity" means: (a) In reference to a natural person, the full name, present address, dates of business affiliation with plaintiff and titles held; (b) in reference to a corporation, the full and correct registered name, state of incorporation, principal place of business, and dates of existence; (c) in reference to a partnership or other business entity or other entity or association, the principal place of business and dates of operation; and (d) in reference to a document, a description of the document, including the nature and content thereof, the date thereof, the name and address of the author(s) and recipient(s) thereof, and the person or entity having present custody thereof.

Whenever it is requested that a person or persons be identified, the full name, current address and past and present relationship(s) with the answering defendant should be stated.

If a claim of privilege is asserted concerning any information sought, identify as to each privileged communication: (i)  its date, (ii)  its author(s) and the business title or position of the author(s), (iii)  its recipient(s) and the business title or position of its recipient(s), (iv)  the number of pages if in writing, (v)  the subject matter of the communication, and (vi)  the basis of the claimed privilege.

You are requested to produce the following:

1. A copy of all of your driving licenses in effect on the date of this wreck.

2. Copies of any photos, still or motion picture, plans, maps, drawings, blueprints, sketches, diagrams, computer simulations or any other demonstrative evidence relevant to this wreck, including without limitation, pictures of the vehicles involved in the present collision and the area of the collision.

3. Any and all documents pertaining to the load being carried at the time of the wreck including but not limited to bills of lading, contracts, toll receipts, broker documents, and food, drink, lodging and fuel receipts.

4. A copy of any and all statements you prepared for or in response to the collision on July 11, 2020, in which the vehicle you were operating and Plaintiff's vehicle.

5. Logs and records commonly known as "Driver's Daily Logs," "MCS-139," "MCS-139A," "grid sheets" or "Driver's Multi-Day Logs," for the period commencing six (6) months prior to the wreck described in the Complaint to and including thirty (30) days after the date of the wreck described in the Complaint.

6.  The original raw data and copies of any and all printouts of any on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, or device known by any other name which records information concerning the operation of the truck for the period commencing 30 days before the wreck through and including 10 days after the wreck.

7.  Copies of any and all daily vehicle inspection reports concerning the subject commercial truck involved in the wreck for the 60 days prior to the wreck, through and including the 10 days after the wreck.

8.  Copies of the complete maintenance records for the commercial truck involved in this wreck for the 6 months prior to and including the wreck.

9.  Copies of all lease, rental and/or other agreements, if applicable, between yourself and the codefendants regarding the commercial vehicle involved in the present collision which may have been applicable at the time of the present collision.

10. Any and all of your fuel receipts, toll receipts, comdata receipts, comdata reports, food receipts, checks, drafts, daily trip reports, payroll records, payroll work sheets and all other driving reports prepared by or about you for the period commencing 6 months prior to the collision to 30 days after the collision.

11. All records showing any and all payments associated with all lease, rental, and other agreements you had with Defendant Sunlight Logistics Inc., AJ Logistics Inc., and/or Amazon Logistics Inc. if applicable, beginning January 1, 2020 up through the date of the collision.

12. If applicable, copies of all documents pertaining to any/all brokers involved in the load being transported at the time of the wreck.

4

13. Copies of the title and latest tag receipt for the vehicles (tractor and trailer) involved in the present collision.

14. Copies of any documents or writings which you contend support any contention that this wreck was the fault of any other person or entity.

15. A copy of all documents showing your authority to operate your truck through the State of Georgia (such as an I.C.C. permit or Certificate of Public Necessity and Convenience) and your permit to operate pursuant to the Interstate Commerce Commission rules.

16. Copies of all driver's manuals, company manuals, and other materials pertaining to company, federal, or state rules, in your possession which were in effect at the time of the wreck described in Plaintiff's Complaint.

17. Copies of any and all citations you may have received as a result of the accident referred to in the complaint and the disposition of same.

18. A copy of your cellphone records including any bill received for the month of July 2020 or, in the alternative, a copy of the page from your bill which lists any calls or texts made or received on the date of the incident.

Dated this __31st__ day of May 2022.

Respectfully submitted,

_____
Jacob A. Weldon
Georgia Bar No. 966930
*Attorney for Plaintiff*

SEXTON LAW FIRM, LLP
124 Atlanta Street
McDonough, GA 30253
770-474-9335 / fax 866-529-0828
jacob@sextonlawfirm.com

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2022-SU-V-0176**
THOMAS WILSON
MAY 31, 2022 12:21 PM

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

## IN THE SUPERIOR COURT OF BUTTS COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **ALDINE KIMBELL** | ) |
| **Plaintiff** | ) |
| | ) **CIVIL ACTION NO.** |
| **v.** | ) |
| | ) |
| **SUNLIGHT LOGISTICS, INC.,** | ) |
| **AJ LOGISTICS, INC.,** | ) |
| **AMAZON LOGISTICS, INC.,** | ) |
| **COUNTY HALL INSURANCE** | ) |
| **COMPANY, INC., and AFMESHAR** | ) |
| **WARSAME** | ) |
| **Defendants.** | ) |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AJ LOGISTICS, INC.

COMES NOW Plaintiffs, by and through their attorney of record, and pursuant to the Rules of Civil Procedure serve upon you his Request for Production of Documents and Notice to Produce, as follows:  You are required to respond to this request for production of documents within the time specified in the Rules of Civil Procedure.  You are requested to produce the documents requested by 5:00 p.m. within the time required by law by either (1) producing said documents, in person, at the offices of Sexton Law Firm, LLP, 124 Atlanta Street, McDonough, GA 30253, or (2) unless the <u>original</u> document has been requested, you may comply by mailing of copies of said documents to plaintiff's counsel at:  124 Atlanta Street, McDonough, GA 30253.

<u>DEFINITIONS OF TERMS</u>

When used in this request for production, the following words shall have the following meanings:

1. The term "defendant" or "this defendant" or "you" and "your" or any synonym thereof, whether singular or plus, is intended to and shall embrace and include the named defendant and

all present and former subsidiaries, divisions, affiliates, and predecessor entities of said defendant as well as all of its present or past agents, consultants, employees, representatives, and others who are in possession of or may have created or obtained information for or on behalf of defendant as defined herein.

2. The term "document" encompasses any form of information storage or communication including but not limited to any paper, film, video, photograph, microfilm, microfiche, computer storage or printout, or other form for storing or communicating information such as records, reports, notes, minutes, drafts, memoranda, diaries, calendars, correspondence, telegrams, schedules, bulletins, data sheets, work sheets, orders, printouts, articles, manuals, agreement contract formulas, test results, instruction analyses' lists, bibliographies, newspapers, periodicals, books, invoices, bills of lading, shipping orders, freight bills, advertisements, labels, brochures, pamphlets, or binders; with each copy of any such document bearing marginal or other notations, charges, comments, or amendments constituting a document separate and apart from the original or any other copy.

3. Reference to the term "identify" or "identity" means:  (a) In reference to a natural person, the full name, present address, dates of business affiliation with plaintiff and titles held; (b) in reference to a corporation, the full and correct registered name, state of incorporation, principal place of business, and dates of existence; (c) in reference to a partnership or other business entity or other entity or association, the principal place of business and dates of operation; and (d) in reference to a document, a description of the document, including the nature and content thereof, the date thereof, the name and address of the author(s) and recipient(s) thereof, and the person or entity having present custody thereof.

Whenever it is requested that a person or persons be identified, the full name, current address and past and present relationship(s) with the answering defendant should be stated.

If a claim of privilege is asserted concerning any information sought, identify as to each privileged communication: (i)  its date, (ii)  its author(s) and the business title or position of the author(s), (iii)  its recipient(s) and the business title or position of its recipient(s), (iv)  the number of pages if in writing, (v)  the subject matter of the communication, and (vi)  the basis of the claimed privilege.

You are requested to produce the following:

1. A copy of any statements to which you referred in responding to Interrogatory No. 7 regarding statements made.

2. A copy of any and all documents referred to in your response to Interrogatory No. 8.

3. Copies of any incident or accident reports, prepared by any person or entity, pertaining to the wreck described in the Complaint.

4. A copy of any and all reports, documents, communications and similar prepared as a result of this wreck.

5. Repair estimates for damages to the commercial truck which was involved in this wreck.

6. A copy of all of Defendant/ Employee Afmeshar Warsame's driving licenses in effect on the date of this wreck.

7. A copy of the "accord" statement you filed with any insurance carrier to advise them of the wreck described in the Complaint, any claim for property damage, or for any other claims involved herein.

8. A copy of any and all reports drafted or written by any experts that you intend to use at trial along with a copy of the CV or resume.

3

9.  Copies of any photos, still or motion picture, plans, maps, drawings, blueprints, sketches, diagrams, computer simulations or any other demonstrative evidence relevant to this wreck, including without limitation, pictures of the vehicles involved in the present collision and the area of the collision.

10. Any and all documents pertaining to the load being carried at the time of the wreck including but not limited to bills of lading, contracts, toll receipts, broker documents, and food, drink, lodging and fuel receipts.

11. Your driver's complete application for employment, including but not limited to the application required under Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.21

12. Any and all personnel, DOT, training, human resource, risk management, safety and all other files concerning Defendant/ Employee Afmeshar Warsame.

13. Defendant/ Employee Warsame qualification file, including but not limited to the file required under Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.51.

14. Copies of all MVR's reflecting Warsame past driving record.

15. Inquiries and responses to state driving agencies and prior employers of your driver made pursuant to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.23.

16. Inquiries and responses concerning annual reviews of driving records and records of violations regarding Defendant Warsame, made pursuant to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.25 and 391.27.

17. Logs and records commonly known as "Driver's Daily Logs," "MCS-139," "MCS-139A," "grid sheets" or "Driver's Multi-Day Logs," concerning your driver for the period commencing six (6) months prior to the wreck described in the Complaint to and including thirty (30) days after the date of the wreck described in the Complaint.

18. Results of all drug and alcohol tests administered to your driver since the beginning of his employment to the current date.

19. Any and all results of any random, "reasonable cause," pre-employment, biennial, and post-accident drug and alcohol testing.

20. A copy of any Accident Register or master ledger of accidents which you maintain. Plaintiff seeks all such registers for the three years immediately prior to this wreck through and including the date of said wreck.

21. Any and all call-in reports or "accident call records" generated pertaining to this wreck.

22. The original raw data and copies of any and all printouts of any on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, or device known by any other name which records information concerning the operation of the truck for the period commencing 30 days before the wreck through and including 10 days after the wreck.

23. Copies of any and all daily vehicle inspection reports concerning the subject commercial truck involved in the wreck for the 60 days prior to the wreck, through and including the 10 days after the wreck.

24. Copies of the complete maintenance records for the commercial truck involved in this wreck for the 6 months prior to and including the wreck.

25. Copies of all lease, rental and/or other agreements regarding the commercial truck and/or the driver involved in the present collision which may have been applicable at the time of the present collision.

26. Any and all of Defendant/ Employee Warsame's fuel receipts, toll receipts, comdata receipts, comdata reports, food receipts, checks, drafts, daily trip reports, payroll records, payroll work sheets and all other driving reports prepared by or about Defendant/ Employee Warsame for the period commencing 6 months prior to the collision to 30 days after the collision.

27. Copies of any and all DOT and State agency reviews of your company for the period commencing 10 years prior to this collision, to the present time.

28. If applicable, any and all claim forms and correspondence concerning this wreck from the owner of the property being transported by you at the time of the wreck.

29. Copies of all documents pertaining to any/all brokers involved in the load being transported at the time of the wreck.

30. Copies of the title and latest tag receipt for the vehicles (tractor and trailer) involved in the present collision.

31. Copies of all documents, correspondence, and reports sent to or received from any federal, state, or local regulatory agency pertaining to this wreck.

32. Copies of any documents or writings which you contend support any contention that this wreck was the fault of any other person or entity.

33. A copy of all documents showing your authority to operate your trucks through the State of Georgia (such as an I.C.C. permit or Certificate of Public Necessity and Convenience) and your permit to operate pursuant to the Interstate Commerce Commission rules.

6

34. Complete copies of each and every insuring agreement, bond or reinsurance agreement, along with all declaration's pages, amendments, endorsements, and changes to the policies identified in response to interrogatories.

35. Copies of all driver's manuals, company manuals, and other materials pertaining to company, federal, or state rules, in effect at the time of the wreck described in Plaintiffs' Complaint.

36. Copies of all bi-annual medical reviews for the last ten years on your driver.

37. Copies of any and all documents, forms, reports, statements, agreements, logs, surveys, and photos, still or motion picture, plans, maps, drawings, blueprints, sketches, diagrams, computer simulations or any other demonstrative evidence or anything else not requested in the above Items 1-35 but pertaining to the July 11, 2020, wreck between the commercial truck Defendant/ Employee Afmeshar Warsame was driving and Plaintiff Aldine Kimbll.

38. Copies of any document or electronically stored information from any Geologic System or other recording device on board the vehicle driven by Defendant/ Employee Warsame on July 11, 2022, including but not limited to MobileMax generated data, messaging, speeds, daily activity reports, hard braking or any other information generated by a Geologic system on the date and vehicle in question.

39. Copies of any and all documents or electronically stored information which evidence the name of any cellular or wireless provider used by Defendants on the date of the incident in question.

40. Copies of any and all documents which indicate how you communicated with Defendant/ Employee Warsame on the date of the incident in question.

41. Copies of any and all documents indicating whether or not a cellular phone was provided to Defendant/ Employee Warsame by AJ Logistics Inc.

42. A copy of any and all insurance policies which are or may be providing coverage for the incident at issue herein

43. A copy of any and all documents which you claim indicate that Plaintiff's injuries pre-existed the collision at issue herein.

44. A copy of any and all documents which you contend support your contention that Plaintiff was not injured in the incident at issue herein.

45. A copy of any and all citations you received as a result of the collision at issue herein or any document related thereto which indicates the disposition of the citation.

46. A copy of your cellphone records including any bill received for the month of July 2020 or, in the alternative, a copy of the page from your bill which lists any calls or texts made or received on the date of the incident.

Dated this 31st day of May 2022.

Respectfully submitted,

_____

Jacob A. Weldon
Georgia Bar No. 966930
*Attorney for Plaintiff*

SEXTON LAW FIRM, LLP
124 Atlanta Street
McDonough, GA 30253
770-474-9335 / fax 866-529-0828
jacob@sextonlawfirm.com

8

☁ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2022-SU-V-0176**
THOMAS WILSON
MAY 31, 2022 12:21 PM

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

## IN THE SUPERIOR COURT OF BUTTS COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **ALDINE KIMBELL** | ) | |
| **Plaintiff** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | |
| | ) | |
| **SUNLIGHT LOGISTICS, INC.,** | ) | |
| **AJ LOGISTICS, INC.,** | ) | |
| **AMAZON LOGISTICS, INC.,** | ) | |
| **COUNTY HALL INSURANCE** | ) | |
| **COMPANY, INC., and AFMESHAR** | ) | |
| **WARSAME** | ) | |
| **Defendants.** | ) | |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AMAZON LOGISTICS, INC

COMES NOW Plaintiffs, by and through their attorney of record, and pursuant to the Rules of Civil Procedure serve upon you his Request for Production of Documents and Notice to Produce, as follows:  You are required to respond to this request for production of documents within the time specified in the Rules of Civil Procedure.  You are requested to produce the documents requested by 5:00 p.m. within the time required by law by either (1) producing said documents, in person, at the offices of SEXTON LAW FIRM, LLP., 124 Atlanta Street, McDonough, GA 30253, or (2) unless the <u>original</u> document has been requested, you may comply by mailing of copies of said documents to plaintiff's counsel at:  124 Atlanta Street, McDonough, GA 30253.

## DEFINITIONS OF TERMS

When used in this request for production, the following words shall have the following meanings:

1. The term "defendant" or "this defendant" or "you" and "your" or any synonym thereof, whether singular or plus, is intended to and shall embrace and include the named defendant and all present and former subsidiaries, divisions, affiliates, and predecessor entities of said defendant as well as all of its present or past agents, consultants, employees, representatives, and others who are in possession of or may have created or obtained information for or on behalf of defendant as defined herein.

2. The term "document" encompasses any form of information storage or communication including but not limited to any paper, film, video, photograph, microfilm, microfiche, computer storage or printout, or other form for storing or communicating information such as records, reports, notes, minutes, drafts, memoranda, diaries, calendars, correspondence, telegrams, schedules, bulletins, data sheets, work sheets, orders, printouts, articles, manuals, agreement contract formulas, test results, instruction analyses' lists, bibliographies, newspapers, periodicals, books, invoices, bills of lading, shipping orders, freight bills, advertisements, labels, brochures, pamphlets, or binders; with each copy of any such document bearing marginal or other notations, charges, comments, or amendments constituting a document separate and apart from the original or any other copy.

3. Reference to the term "identify" or "identity" means: (a) In reference to a natural person, the full name, present address, dates of business affiliation with plaintiff and titles held; (b) in reference to a corporation, the full and correct registered name, state of incorporation, principal place of business, and dates of existence; (c) in reference to a partnership or other business entity or other entity or association, the principal place of business and dates of operation; and (d) in reference to a document, a description of the document, including the nature and content thereof,

the date thereof, the name and address of the author(s) and recipient(s) thereof, and the person or entity having present custody thereof.

Whenever it is requested that a person or persons be identified, the full name, current address and past and present relationship(s) with the answering defendant should be stated.

If a claim of privilege is asserted concerning any information sought, identify as to each privileged communication: (i)  its date, (ii)  its author(s) and the business title or position of the author(s), (iii)  its recipient(s) and the business title or position of its recipient(s), (iv)  the number of pages if in writing, (v)  the subject matter of the communication, and (vi)  the basis of the claimed privilege.

You are requested to produce the following:

1.  A copy of any statements to which you referred in responding to Interrogatory No. 7 regarding statements made.

2.  A copy of any and all documents referred to in your response to Interrogatory No. 8.

3.  Copies of any incident or accident reports, prepared by any person or entity, pertaining to the wreck described in the Complaint.

4.  A copy of any and all reports, documents, communications and similar prepared as a result of this wreck.

5.  Repair estimates for damages to the commercial truck which was involved in this wreck.

6.  A copy of all of Afmeshar Warsame's driving licenses in effect on the date of this wreck.

7.  A copy of the "accord" statement you filed with any insurance carrier to advise them of the wreck described in the Complaint, any claim for property damage, or for any other claims involved herein.

8.  A copy of any and all reports drafted or written by any experts that you intend to use at

trial along with a copy of the CV or resume.

9.  Copies of any photos, still or motion picture, plans, maps, drawings, blueprints, sketches, diagrams, computer simulations or any other demonstrative evidence relevant to this wreck, including without limitation, pictures of the vehicles involved in the present collision and the area of the collision.

10. Any and all documents pertaining to the load being carried at the time of the wreck including but not limited to bills of lading, contracts, toll receipts, broker documents, and food, drink, lodging and fuel receipts.

11. Your driver's complete application for employment, including but not limited to the application required under Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.21

12. Any and all personnel, DOT, training, human resource, risk management, safety and all other files concerning Afmeshar Warsame.

13. Afmeshar Warsame's qualification file, including but not limited to the file required under Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.51.

14. Copies of all MVR's reflecting Afmeshar Warsame's past driving record.

15. Inquiries and responses to state driving agencies and prior employers of your driver made pursuant to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.23.

16. Inquiries and responses concerning annual reviews of driving records and records of violations regarding Afmeshar Warsame, made pursuant to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.25 and 391.27.

17. Logs and records commonly known as "Driver's Daily Logs," "MCS-139," "MCS-139A," "grid sheets" or "Driver's Multi-Day Logs," concerning your driver for the period commencing six (6) months prior to the wreck described in the Complaint to and including thirty (30) days after the date of the wreck described in the Complaint.

18. Results of all drug and alcohol tests administered to your driver since the beginning of his employment to the current date.

19. Any and all results of any random, "reasonable cause," pre-employment, biennial, and post-accident drug and alcohol testing.

20. A copy of any Accident Register or master ledger of accidents which you maintain. Plaintiff seeks all such registers for the three years immediately prior to this wreck through and including the date of said wreck.

21. Any and all call-in reports or "accident call records" generated pertaining to this wreck.

22. The original raw data and copies of any and all printouts of any on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, or device known by any other name which records information concerning the operation of the truck for the period commencing 30 days before the wreck through and including 10 days after the wreck.

23. Copies of any and all daily vehicle inspection reports concerning the subject commercial truck involved in the wreck for the 60 days prior to the wreck, through and including the 10 days after the wreck.

24. Copies of the complete maintenance records for the commercial truck involved in this wreck for the 6 months prior to and including the wreck.

5

25. Copies of all lease, rental and/or other agreements regarding the commercial truck and/or the driver involved in the present collision which may have been applicable at the time of the present collision.

26. Any and all of Afmeshar Warsame's fuel receipts, toll receipts, comdata receipts, comdata reports, food receipts, checks, drafts, daily trip reports, payroll records, payroll work sheets and all other driving reports prepared by or about Afmeshar Warsame for the period commencing 6 months prior to the collision to 30 days after the collision.

27. Copies of any and all DOT and State agency reviews of your company for the period commencing 10 years prior to this collision, to the present time.

28. If applicable, any and all claim forms and correspondence concerning this wreck from the owner of the property being transported by you at the time of the wreck.

29. Copies of all documents pertaining to any/all brokers involved in the load being transported at the time of the wreck.

30. Copies of the title and latest tag receipt for the vehicles (tractor and trailer) involved in the present collision.

31. Copies of all documents, correspondence, and reports sent to or received from any federal, state, or local regulatory agency pertaining to this wreck.

32. Copies of any documents or writings which you contend support any contention that this wreck was the fault of any other person or entity.

33. A copy of all documents showing your authority to operate your trucks through the State of Georgia (such as an I.C.C. permit or Certificate of Public Necessity and Convenience) and your permit to operate pursuant to the Interstate Commerce Commission rules.

34. Complete copies of each and every insuring agreement, bond or reinsurance agreement, along with all declaration's pages, amendments, endorsements, and changes to the policies identified in response to interrogatories.

35. Copies of all driver's manuals, company manuals, and other materials pertaining to company, federal, or state rules, in effect at the time of the wreck described in Plaintiffs' Complaint.

36. Copies of all bi-annual medical reviews for the last ten years on your driver.

37. Copies of any and all documents, forms, reports, statements, agreements, logs, surveys, and photos, still or motion picture, plans, maps, drawings, blueprints, sketches, diagrams, computer simulations or any other demonstrative evidence or anything else not requested in the above Items 1-35 but pertaining to the July 11, 2020, wreck between the commercial truck Afmeshar Warsame was driving and Plaintiff Aldine Kimbell.

38. Copies of any documents or electronically stored information from any Geologic System or other recording device on board the vehicle driven by Afmeshar Warsame on July 11, 2020, including but not limited to MobileMax generated data, messaging, speeds, daily activity reports, hard braking or any other information generated by a Geologic system on the date and vehicle in question.

39. Copies of any and all documents or electronically stored information which evidence the name of any cellular or wireless provider used by Defendants on the date of the incident in question.

40. Copies of any and all documents which indicate how you communicated with Afmeshar Warsame on the date of the incident in question.

41. Copies of any and all documents indicating whether or not a cellular phone was provided to Afmeshar Warsame by Amazon Logistics, Inc.

42. A copy of any and all insurance policies which are or may be providing coverage for the incident at issue herein.

43. A copy of any and all documents which you claim indicate that Plaintiff's injuries pre-existed the collision at issue herein.

44. A copy of any and all documents which you contend support your contention that Plaintiff was not injured in the incident at issue herein.

45. A copy of any and all citations you received as a result of the collision at issue herein or any document related thereto which indicates the disposition of the citation.

46. A copy of your cellphone records including any bill received for the month of July 2020 or, in the alternative, a copy of the page from your bill which lists any calls or texts made or received on the date of the incident.

Dated this <u>31st</u> day of May 2022.

Respectfully submitted,

SEXTON LAW FIRM, LLP
124 Atlanta Street
McDonough, GA 30253
770-474-9335 / fax 866-529-0828
jacob@sextonlawfirm.com

_____
Jacob A. Weldon
Georgia Bar No. 966930
*Attorney for Plaintiff*

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2022-SU-V-0176**
**THOMAS WILSON**
**MAY 31, 2022 12:21 PM**

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

**IN THE SUPERIOR COURT OF BUTTS COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **ALDINE KIMBELL** | ) | |
| **Plaintiff** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | |
| | ) | |
| **SUNLIGHT LOGISTICS, INC.,** | ) | |
| **AJ LOGISTICS, INC.,** | ) | |
| **AMAZON LOGISTICS, INC.,** | ) | |
| **COUNTY HALL INSURANCE** | ) | |
| **COMPANY, INC., and AFMESHAR** | ) | |
| **WARSAME** | ) | |
| **Defendants.** | ) | |

---

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT COUNTY HALL INSURANCE COMPANY, INC.

COMES NOW Plaintiffs, by and through their attorney of record, and pursuant to the Rules of Civil Procedure serve upon you his Request for Production of Documents and Notice to Produce, as follows:  You are required to respond to this request for production of documents within the time specified in the Rules of Civil Procedure.  You are requested to produce the documents requested by 5:00 p.m. within the time required by law by either (1) producing said documents, in person, at the offices of Sexton Law Firm, LLP, 124 Atlanta Street, McDonough, GA 30253, or (2) unless the original document has been requested, you may comply by mailing of copies of said documents to plaintiff's counsel at:  124 Atlanta Street, McDonough, GA 30253.

DEFINITIONS OF TERMS

When used in this request for production, the following words shall have the following meanings:

1. The term "defendant" or "this defendant" or "you" and "your" or any synonym thereof, whether singular or plus, is intended to and shall embrace and include the named defendant and

all present and former subsidiaries, divisions, affiliates, and predecessor entities of said defendant as well as all of its present or past agents, consultants, employees, representatives, and others who are in possession of or may have created or obtained information for or on behalf of defendant as defined herein.

2. The term "document" encompasses any form of information storage or communication including but not limited to any paper, film, video, photograph, microfilm, microfiche, computer storage or printout, or other form for storing or communicating information such as records, reports, notes, minutes, drafts, memoranda, diaries, calendars, correspondence, telegrams, schedules, bulletins, data sheets, work sheets, orders, printouts, articles, manuals, agreement contract formulas, test results, instruction analyses' lists, bibliographies, newspapers, periodicals, books, invoices, bills of lading, shipping orders, freight bills, advertisements, labels, brochures, pamphlets, or binders; with each copy of any such document bearing marginal or other notations, charges, comments, or amendments constituting a document separate and apart from the original or any other copy.

3. Reference to the term "identify" or "identity" means:  (a) In reference to a natural person, the full name, present address, dates of business affiliation with plaintiff and titles held; (b) in reference to a corporation, the full and correct registered name, state of incorporation, principal place of business, and dates of existence; (c) in reference to a partnership or other business entity or other entity or association, the principal place of business and dates of operation; and (d) in reference to a document, a description of the document, including the nature and content thereof, the date thereof, the name and address of the author(s) and recipient(s) thereof, and the person or entity having present custody thereof.

2

Whenever it is requested that a person or persons be identified, the full name, current address and past and present relationship(s) with the answering defendant should be stated.

If a claim of privilege is asserted concerning any information sought, identify as to each privileged communication: (i)  its date, (ii)  its author(s) and the business title or position of the author(s), (iii)  its recipient(s) and the business title or position of its recipient(s), (iv)  the number of pages if in writing, (v)  the subject matter of the communication, and (vi)  the basis of the claimed privilege.

You are requested to produce the following:

1. Copies of any incident or accident reports, prepared by any person or entity, pertaining to the wreck described in the Complaint.

2. Repair estimates for damages to the tractor and trailer which was involved in this wreck.

3. A copy of all of Defendant Afmeshar Warsame's driving licenses in effect on the date of this wreck.

4. A copy of the "accord" statement filed with you to advise you of the wreck described in the Complaint, any claim for property damage, or for any other claims involved herein.

5. Copies of any photos, still or motion picture, plans, maps, drawings, blueprints, sketches, diagrams, computer simulations or any other demonstrative evidence relevant to this

wreck, including without limitation, pictures of the vehicles involved in the present collision and the area of the collision.

6. Any and all documents pertaining to the load being carried at the time of the wreck including but not limited to bills of lading, contracts, toll receipts, broker documents, and food, drink, lodging and fuel receipts.

7. A copy of any Accident Register or master ledger of accidents which you maintain on any Defendant. Plaintiffs seek all such registers for the three years immediately prior to this wreck through and including the date of the subject wreck.

8. All claim forms and correspondence concerning this wreck from the owner of the property being transported by you at the time of the wreck.

9. Copies of all documents, correspondence, and reports sent to or received from any federal, state, or local regulatory agency pertaining to this wreck.

10. Complete copies of each and every insuring agreement, bond or reinsurance agreement, along with all declaration's pages, amendments, endorsements, and changes to the policies identified in response to interrogatories.

11. Copies of any and all loss surveys or loss run logs.

Dated this <u>31st</u> day of May 2022.

Respectfully submitted,

SEXTON LAW FIRM, LLP
124 Atlanta Street
McDonough, GA 30253
770-474-9335 / fax 866-529-0828
jacob@sextonlawfirm.com

Jacob A. Weldon
Georgia Bar No. 966930
*Attorney for Plaintiff*

5

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2022-SU-V-0176**
**THOMAS WILSON**
**MAY 31, 2022 12:21 PM**

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

## IN THE SUPERIOR COURT OF BUTTS COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ALDINE KIMBELL | ) | |
| **Plaintiff** | ) | |
| | ) | **CIVIL ACTION NO.** |
| v. | ) | |
| | ) | |
| SUNLIGHT LOGISTICS, INC., | ) | |
| AJ LOGISTICS, INC., | ) | |
| AMAZON LOGISTICS, INC., | ) | |
| COUNTY HALL INSURANCE | ) | |
| COMPANY, INC., and AFMESHAR | ) | |
| WARSAME | ) | |
| **Defendants.** | ) | |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SUNLIGHT LOGISTICS, INC.

COMES NOW Plaintiffs, by and through their attorney of record, and pursuant to the Rules of Civil Procedure serve upon you his Request for Production of Documents and Notice to Produce, as follows:  You are required to respond to this request for production of documents within the time specified in the Rules of Civil Procedure.  You are requested to produce the documents requested by 5:00 p.m. within the time required by law by either (1) producing said documents, in person, at the offices of Sexton Law Firm, LLP, 124 Atlanta Street, McDonough, GA 30253, or (2) unless the <u>original</u> document has been requested, you may comply by mailing of copies of said documents to plaintiff's counsel at:  124 Atlanta Street, McDonough, GA 30253.

### DEFINITIONS OF TERMS

When used in this request for production, the following words shall have the following meanings:

1. The term "defendant" or "this defendant" or "you" and "your" or any synonym thereof, whether singular or plus, is intended to and shall embrace and include the named defendant and

all present and former subsidiaries, divisions, affiliates, and predecessor entities of said defendant as well as all of its present or past agents, consultants, employees, representatives, and others who are in possession of or may have created or obtained information for or on behalf of defendant as defined herein.

2. The term "document" encompasses any form of information storage or communication including but not limited to any paper, film, video, photograph, microfilm, microfiche, computer storage or printout, or other form for storing or communicating information such as records, reports, notes, minutes, drafts, memoranda, diaries, calendars, correspondence, telegrams, schedules, bulletins, data sheets, work sheets, orders, printouts, articles, manuals, agreement contract formulas, test results, instruction analyses' lists, bibliographies, newspapers, periodicals, books, invoices, bills of lading, shipping orders, freight bills, advertisements, labels, brochures, pamphlets, or binders; with each copy of any such document bearing marginal or other notations, charges, comments, or amendments constituting a document separate and apart from the original or any other copy.

3. Reference to the term "identify" or "identity" means: (a) In reference to a natural person, the full name, present address, dates of business affiliation with plaintiff and titles held; (b) in reference to a corporation, the full and correct registered name, state of incorporation, principal place of business, and dates of existence; (c) in reference to a partnership or other business entity or other entity or association, the principal place of business and dates of operation; and (d) in reference to a document, a description of the document, including the nature and content thereof, the date thereof, the name and address of the author(s) and recipient(s) thereof, and the person or entity having present custody thereof.

Whenever it is requested that a person or persons be identified, the full name, current address and past and present relationship(s) with the answering defendant should be stated.

If a claim of privilege is asserted concerning any information sought, identify as to each privileged communication: (i) its date, (ii) its author(s) and the business title or position of the author(s), (iii) its recipient(s) and the business title or position of its recipient(s), (iv) the number of pages if in writing, (v) the subject matter of the communication, and (vi) the basis of the claimed privilege.

You are requested to produce the following:

1. A copy of any statements to which you referred in responding to Interrogatory No. 7 regarding statements made.

2. A copy of any and all documents referred to in your response to Interrogatory No. 8.

3. Copies of any incident or accident reports, prepared by any person or entity, pertaining to the wreck described in the Complaint.

4. A copy of any and all reports, documents, communications and similar prepared as a result of this wreck.

5. Repair estimates for damages to the commercial truck which was involved in this wreck.

6. A copy of all of Defendant/ Employee Afmeshar Warsame's driving licenses in effect on the date of this wreck.

7. A copy of the "accord" statement you filed with any insurance carrier to advise them of the wreck described in the Complaint, any claim for property damage, or for any other claims involved herein.

8. A copy of any and all reports drafted or written by any experts that you intend to use at trial along with a copy of the CV or resume.

3

9. Copies of any photos, still or motion picture, plans, maps, drawings, blueprints, sketches, diagrams, computer simulations or any other demonstrative evidence relevant to this wreck, including without limitation, pictures of the vehicles involved in the present collision and the area of the collision.

10. Any and all documents pertaining to the load being carried at the time of the wreck including but not limited to bills of lading, contracts, toll receipts, broker documents, and food, drink, lodging and fuel receipts.

11. Your driver's complete application for employment, including but not limited to the application required under Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.21

12. Any and all personnel, DOT, training, human resource, risk management, safety and all other files concerning Defendant/ Employee Afmeshar Warsame.

13. Defendant/ Employee Warsame qualification file, including but not limited to the file required under Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.51.

14. Copies of all MVR's reflecting Warsame past driving record.

15. Inquiries and responses to state driving agencies and prior employers of your driver made pursuant to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.23.

16. Inquiries and responses concerning annual reviews of driving records and records of violations regarding Defendant Warsame, made pursuant to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.25 and 391.27.

17. Logs and records commonly known as "Driver's Daily Logs," "MCS-139," "MCS-139A," "grid sheets" or "Driver's Multi-Day Logs," concerning your driver for the period commencing six (6) months prior to the wreck described in the Complaint to and including thirty (30) days after the date of the wreck described in the Complaint.

18. Results of all drug and alcohol tests administered to your driver since the beginning of his employment to the current date.

19. Any and all results of any random, "reasonable cause," pre-employment, biennial, and post-accident drug and alcohol testing.

20. A copy of any Accident Register or master ledger of accidents which you maintain. Plaintiff seeks all such registers for the three years immediately prior to this wreck through and including the date of said wreck.

21. Any and all call-in reports or "accident call records" generated pertaining to this wreck.

22. The original raw data and copies of any and all printouts of any on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, or device known by any other name which records information concerning the operation of the truck for the period commencing 30 days before the wreck through and including 10 days after the wreck.

23. Copies of any and all daily vehicle inspection reports concerning the subject commercial truck involved in the wreck for the 60 days prior to the wreck, through and including the 10 days after the wreck.

24. Copies of the complete maintenance records for the commercial truck involved in this wreck for the 6 months prior to and including the wreck.

25. Copies of all lease, rental and/or other agreements regarding the commercial truck and/or the driver involved in the present collision which may have been applicable at the time of the present collision.

26. Any and all of Defendant/ Employee Warsame's fuel receipts, toll receipts, comdata receipts, comdata reports, food receipts, checks, drafts, daily trip reports, payroll records, payroll work sheets and all other driving reports prepared by or about Defendant/ Employee Warsame for the period commencing 6 months prior to the collision to 30 days after the collision.

27. Copies of any and all DOT and State agency reviews of your company for the period commencing 10 years prior to this collision, to the present time.

28. If applicable, any and all claim forms and correspondence concerning this wreck from the owner of the property being transported by you at the time of the wreck.

29. Copies of all documents pertaining to any/all brokers involved in the load being transported at the time of the wreck.

30. Copies of the title and latest tag receipt for the vehicles (tractor and trailer) involved in the present collision.

31. Copies of all documents, correspondence, and reports sent to or received from any federal, state, or local regulatory agency pertaining to this wreck.

32. Copies of any documents or writings which you contend support any contention that this wreck was the fault of any other person or entity.

33. A copy of all documents showing your authority to operate your trucks through the State of Georgia (such as an I.C.C. permit or Certificate of Public Necessity and Convenience) and your permit to operate pursuant to the Interstate Commerce Commission rules.

34. Complete copies of each and every insuring agreement, bond or reinsurance agreement, along with all declaration's pages, amendments, endorsements, and changes to the policies identified in response to interrogatories.

35. Copies of all driver's manuals, company manuals, and other materials pertaining to company, federal, or state rules, in effect at the time of the wreck described in Plaintiffs' Complaint.

36. Copies of all bi-annual medical reviews for the last ten years on your driver.

37. Copies of any and all documents, forms, reports, statements, agreements, logs, surveys, and photos, still or motion picture, plans, maps, drawings, blueprints, sketches, diagrams, computer simulations or any other demonstrative evidence or anything else not requested in the above Items 1-35 but pertaining to the July 11, 2020, wreck between the commercial truck Defendant/ Employee Afmeshar Warsame was driving and Plaintiff Aldine Kimbll.

38. Copies of any document or electronically stored information from any Geologic System or other recording device on board the vehicle driven by Defendant/ Employee Warsame on July 11, 2022, including but not limited to MobileMax generated data, messaging, speeds, daily activity reports, hard braking or any other information generated by a Geologic system on the date and vehicle in question.

39. Copies of any and all documents or electronically stored information which evidence the name of any cellular or wireless provider used by Defendants on the date of the incident in question.

40. Copies of any and all documents which indicate how you communicated with Defendant/ Employee Warsame on the date of the incident in question.

41. Copies of any and all documents indicating whether or not a cellular phone was provided to Defendant/ Employee Warsame by Sunlight Logistics Inc.

42. A copy of any and all insurance policies which are or may be providing coverage for the incident at issue herein

43. A copy of any and all documents which you claim indicate that Plaintiff's injuries pre-existed the collision at issue herein.

44. A copy of any and all documents which you contend support your contention that Plaintiff was not injured in the incident at issue herein.

45. A copy of any and all citations you received as a result of the collision at issue herein or any document related thereto which indicates the disposition of the citation.

46. A copy of your cellphone records including any bill received for the month of July 2020 or, in the alternative, a copy of the page from your bill which lists any calls or texts made or received on the date of the incident.

Dated this 31st day of May 2022.

Respectfully submitted,

_____
Jacob A. Weldon
Georgia Bar No. 966930
*Attorney for Plaintiff*

SEXTON LAW FIRM, LLP
124 Atlanta Street
McDonough, GA 30253
770-474-9335 / fax 866-529-0828
jacob@sextonlawfirm.com

# SUPERIOR COURT OF BUTTS COUNTY
## STATE OF GEORGIA

⚎ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2022-SU-V-0176**
**THOMAS WILSON**
MAY 31, 2022 12:21 PM

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

CIVIL ACTION NUMBER  2022-SU-V-0176

Kimbell, Aldine

_____

**PLAINTIFF**

**VS.**

Sunlight Logistics, Inc.
AJ Logistics Inc.
Amazon Logistics Inc.
Warsame, Afmeshar
County Hall Insurance Company Inc.

_____

**DEFENDANTS**

### SUMMONS

TO: WARSAME, AFMESHAR

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Jacob Weldon**
> **Jonathan P. Sexton, PC**
> **124 Atlanta Street**
> **McDonough, Georgia 30253**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 31st day of May, 2022.**

Clerk of Superior Court

_____
*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

# SUPERIOR COURT OF BUTTS COUNTY
# STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2022-SU-V-0176**
THOMAS WILSON
MAY 31, 2022 12:21 PM

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

CIVIL ACTION NUMBER  2022-SU-V-0176

Kimbell, Aldine

_____

**PLAINTIFF**

                                                **VS.**

Sunlight Logistics, Inc.
AJ Logistics Inc.
Amazon Logistics Inc.
Warsame, Afmeshar
County Hall Insurance Company Inc.

_____

**DEFENDANTS**

## SUMMONS

TO: AJ LOGISTICS INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Jacob Weldon**
> **Jonathan P. Sexton, PC**
> **124 Atlanta Street**
> **McDonough, Georgia 30253**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 31st day of May, 2022.**

                                        Clerk of Superior Court


_____
                        *Morgan V. Ward*
                        Morgan V. Ward, Clerk
                        Butts County, Georgia

# SUPERIOR COURT OF BUTTS COUNTY
## STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2022-SU-V-0176**
THOMAS WILSON
MAY 31, 2022 12:21 PM

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

CIVIL ACTION NUMBER  2022-SU-V-0176

Kimbell, Aldine

_____

**PLAINTIFF**

**VS.**

Sunlight Logistics, Inc.
AJ Logistics Inc.
Amazon Logistics Inc.
Warsame, Afmeshar
County Hall Insurance Company Inc.

_____

**DEFENDANTS**

## SUMMONS

TO: AMAZON LOGISTICS INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Jacob Weldon**
> **Jonathan P. Sexton, PC**
> **124 Atlanta Street**
> **McDonough, Georgia 30253**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 31st day of May, 2022.**

Clerk of Superior Court

_____

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

Page 1 of 1

# SUPERIOR COURT OF BUTTS COUNTY
# STATE OF GEORGIA

⊕ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2022-SU-V-0176**
THOMAS WILSON
MAY 31, 2022 12:21 PM

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

CIVIL ACTION NUMBER  2022-SU-V-0176

Kimbell, Aldine

_____

**PLAINTIFF**

**VS.**

Sunlight Logistics, Inc.
AJ Logistics Inc.
Amazon Logistics Inc.
Warsame, Afmeshar
County Hall Insurance Company Inc.

_____

**DEFENDANTS**

### SUMMONS

TO: COUNTY HALL INSURANCE COMPANY INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Jacob Weldon**
> **Jonathan P. Sexton, PC**
> **124 Atlanta Street**
> **McDonough, Georgia 30253**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 31st day of May, 2022.**

Clerk of Superior Court


_____
Morgan V. Ward, Clerk
Butts County, Georgia

# SUPERIOR COURT OF BUTTS COUNTY
## STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2022-SU-V-0176**
THOMAS WILSON
MAY 31, 2022 12:21 PM

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

CIVIL ACTION NUMBER  2022-SU-V-0176

Kimbell, Aldine

_____

**PLAINTIFF**

                        **VS.**

Sunlight Logistics, Inc.
AJ Logistics Inc.
Amazon Logistics Inc.
Warsame, Afmeshar
County Hall Insurance Company Inc.

_____

**DEFENDANTS**

### SUMMONS

TO: SUNLIGHT LOGISTICS, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

        **Jacob Weldon**
        **Jonathan P. Sexton, PC**
        **124 Atlanta Street**
        **McDonough, Georgia 30253**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 31st day of May, 2022.**

                        Clerk of Superior Court

_____
                    Morgan V. Ward, Clerk
                    Butts County, Georgia

⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2022-SU-V-0176**
**THOMAS WILSON**
**JUL 27, 2022 05:02 PM**

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

## IN THE SUPERIOR COURT OF BUTTS COUNTY
## STATE OF GEORGIA

ALDEAN KIMBELL

      Plaintiff,

v.

SUNLIGHT LOGISTICS, INC.,
AJ LOGISTICS, INC.,
AMAZON LOGISTICS, INC.,
COUNTY HALL INSURANCE COMPANY,
INC. AND AFMESHAR WARSAME,

      Defendants.

CIVIL ACTION FILE
NO.:  2022-SU-V-0176

## ANSWER OF COUNTY HALL INSURANCE COMPANY, INC. TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW, Defendant County Hall Insurance Company, Inc. ("Defendant"), by and through the undersigned counsel, and files this Answer to Plaintiff's Complaint for Damages and Demand for Jury Trial (the "Complaint"), as follows:

### FIRST DEFENSE

Pending further investigation and discovery, Defendant reserves the right to assert all affirmative defenses available under the Georgia Rules of Civil Procedure.

### SECOND DEFENSE

The Plaintiff's Complaint, in whole and with respect to the individual counts, fails to state a claim upon which relief can be granted and should be dismissed.

### THIRD DEFENSE

Plaintiff's Complaint fails to plead special damages with the particularity required.

## FOURTH DEFENSE

Pending further investigation and discovery, Defendant asserts the defenses of contributory/comparative negligence, assumption of the risk, failure to avoid consequences, and failure to exercise ordinary care.  Further, Defendant reserves the right to assert all affirmative defenses available under the Georgia Rules of Civil Procedure.

## FIFTH DEFENSE

Venue is improper as to Defendant County Hall Insurance Company, Inc.

## SIXTH DEFENSE

Defendant shows that any injury allegedly suffered by the Plaintiff was not proximately caused by Defendant.

## SEVENTH DEFENSE

Defendant is a properly licensed risk retention group.  Accordingly, Defendant is an improper party to this action, as risk retention groups are not subject to Georgia's Direct-Action statutes. Reis v. OOIDA Risk Retention Group, Inc., 303 Ga. 659 (2018).

## EIGHTH DEFENSE

Defendant responds to the numbered paragraphs of Plaintiff's Complaint as follows:

## PARTIES AND NATURE OF THIS ACTION

1.

This Defendant denies the allegations contained in Paragraph No. 1 of the Complaint.

2.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 2 of the Complaint and, therefore, cannot admit or deny same.

3.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 3 of the Complaint and, therefore, cannot admit or deny same.

4.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 4 of the Complaint and, therefore, cannot admit or deny same.

5.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 5 of the Complaint and, therefore, cannot admit or deny same.

6.

Defendant admits that it is organized under the laws of the state of North Carolina and may be served at the alleged address. However, Defendant denies that it is a proper party to this action or that venue is proper as to Defendant.

## FACTS COMMON TO ALL COUNTS

7.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 7 of the Complaint and, therefore, cannot admit or deny same.

8.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 8 of the Complaint and, therefore, cannot admit or deny same.

9.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 9 of the Complaint and, therefore, cannot admit or deny same.

10.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 10 of the Complaint and, therefore, cannot admit or deny same.

11.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 11 of the Complaint and, therefore, cannot admit or deny same.

12.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 12 of the Complaint and, therefore, cannot admit or deny same.

13.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 13 of the Complaint and, therefore, cannot admit or deny same.

14.

Defendant admits that it issued a policy under which Sunlight Logistics was a named insured that was in effect at the time of this alleged collision. Unless specifically admitted, This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 14 of the Complaint and, therefore, cannot admit or deny same.

15.

This Defendant denies the allegations contained in Paragraph No. 15 of the Complaint.

16.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 16 of the Complaint and, therefore, cannot admit or deny same.

17.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 17 of the Complaint and, therefore, cannot admit or deny same.

18.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 18 of the Complaint and, therefore, cannot admit or deny same.

19.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 19 of the Complaint and, therefore, cannot admit or deny same.

20.

This Defendant denies that it was negligent. As to any remaining allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 20 of the Complaint and, therefore, cannot admit or deny same.

**COUNT ONE – NEGLIGENCE OF DEFENDANT AFMESHAR WARSAME**

21.

This Defendant incorporates by reference its responses to the allegations of the foregoing Paragraph Nos. 1-20 of the Complaint as if fully set forth herein.

22.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 22 of the Complaint and, therefore, cannot admit or deny same.

23.

This Defendant denies the allegations contained in Paragraph No. 23 of the Complaint.

## COUNT TWO – NEGLIGENT HIRING, RETENTION, AND TRAINING

24.

This Defendant incorporates by reference its responses to the allegations of the foregoing Paragraph Nos. 1-23 of the Complaint as if fully set forth herein.

25.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 25 of the Complaint and, therefore, cannot admit or deny same.

26.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 26 of the Complaint and, therefore, cannot admit or deny same.

27.

This Defendant denies the allegations contained in Paragraph No. 27 of the Complaint.

28.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 28 of the Complaint and, therefore, cannot admit or deny same.

29.

This Defendant denies the allegations contained in Paragraph No. 29 of the Complaint.

30.

This Defendant denies the allegations contained in Paragraph No. 30 of the Complaint.

## DAMAGES

### 31.

This Defendant incorporates by reference its responses to the allegations of the foregoing Paragraph Nos. 1-30 of the Complaint as if fully set forth herein.

### 32.

This Defendant denies the allegations contained in Paragraph No. 32 of the Complaint.

### 33.

This Defendant denies the allegations contained in Paragraph No. 33 of the Complaint.

### 34.

This Defendant denies the allegations contained in Paragraph No. 34 of the Complaint.

Defendant denies all allegations set forth in Plaintiffs' Complaint not specifically admitted or denied hereinabove are now denied. Defendant further denies Plaintiffs' prayer for relief and entitlement to recovery following Paragraph No. 34 of the Complaint.

Defendant respectfully requests a trial by a jury of 12 persons on all issues including, but not limited to, negligence, causation and damages being claimed by the Plaintiff.

WHEREFORE, having fully answered, Defendant prays that they be discharged without liability with all costs cast against Plaintiff, and for such other and further relief as the Court deems proper.

This 27th day of July, 2022.

*[signature on following page]*

MCMICKLE, KUREY & BRANCH, LLP

*/s/ Matthew R. Sessions*
SCOTT W. MCMICKLE
Georgia Bar No. 497779
MATTHEW R. SESSIONS
Georgia Bar No. 899806
***Attorneys for Defendant***
***County Hall Insurance Company, Inc.***

217 Roswell Street, Suite 200
Alpharetta, Georgia  30009
Telephone:  (678) 824-7800
Facsimile:  (678) 824-7801
swm@mkblawfirm.com
msessions@mkblawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a true and correct copy of the within and foregoing **ANSWER OF COUNTY HALL INSURANCE COMPANY, INC. TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** with the Clerk of the Court using the PeachCourt e-Filing system, which will send a notification attaching same thereon to the following counsel of record:

Jacob A. Weldon, Esq.
jacob@sextonlawfirm.com
Sexton Law Firm, LLP
124 Atlanta Street
McDonough, GA 30253
***Attorney for Plaintiff***

R. Dal Burton, Esq.
Dal.burton@wilsonelser.com
Jason S. Stewart, Esq.
Jason.stewart@wilsonelser.com
Wilson, Elser, Moskowitz,
Edelman & Dicker, LLC
3348 Peachtree Road, NE
Suite 1400
Atlanta, GA 30326
***Attorneys for Defendant***
***Amazon Logistics, Inc.***

This 27th day of July, 2022.

*/s/ Matthew R. Sessions*
MATTHEW R. SESSIONS
For the Firm

15972

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BUTTS COUNTY, GEORGIA

**2022-SU-V-0176**
**THOMAS WILSON**
**AUG 03, 2022 05:07 PM**

*Morgan V. Ward*
Morgan V. Ward, Clerk
Butts County, Georgia

IN THE SUPERIOR COURT OF BUTTS COUNTY
STATE OF GEORGIA

|  |  |  |
|---|---|---|
| ALDEAN KIMBELL | ) | |
|     Plaintiff | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE NO. 2022-SU-V-0176 |
| SUNLIGHT LOGISTICS, INC., | ) | |
| AJ LOGISTICS, INC., | ) | |
| AMAZON LOGISTICS, INC., | ) | |
| COUNTY HALL INSURANCE | ) | |
| COMPANY, INC., and AFMESHAR | ) | |
| WARSAME | ) | |
|     Defendants. | ) | |

## ACKNOWLEDGMENT OF SERVICE

COMES NOW, AFMESHAR WARAME, by and through his undersigned attorney, hereby acknowledges receipt of service of process of Plaintiff's *Summons; Complaint for Damages; Civil Cover Sheet, Plaintiff's First Request for Admissions to Defendant, Afmeshar Warsame; Plaintiff's First Interrogatories to Defendant, Afmeshar Warsame; Plaintiff's First Request for Production of Documents to Defendant, Afmeshar Warsame; Plaintiff's First Request for Admissions to Defendant, Amazon Logistics, Inc.; Plaintiff's First Interrogatories to Defendant, Amazon Logistics, Inc.; Plaintiff's First Request for Production of Documents to Defendant, Amazon Logistics, Inc.; Plaintiff's First Request for Admissions to Defendant, Sunlight Logistics, Inc.; Plaintiff's First Interrogatories to Defendant, Sunlight Logistics, Inc.; Plaintiff's First Request for Production of Documents to Defendant, Sunlight Logistics, Inc.; Plaintiff's First Request for Admissions to Defendant, AJ Logistics, Inc.; Plaintiff's First Interrogatories to Defendant, AJ Logistics, Inc.; Plaintiff's First Request for Production of Documents to Defendant, AJ Logistics, Inc.; Plaintiff's First Request for Admissions to*

*Defendant, County Hall Insurance Company, Inc.; Plaintiff's First Interrogatories to Defendant, County Hall Insurance Company, Inc.; and Plaintiff's First Request for Production of Documents to Defendant, County Hall Insurance Company, Inc.,* in the above-styled action. Defendant hereby preserves and retains all defenses and objections to the lawsuit except for those based on service of process.

This 3rd day of August, 2022.

/s/*Matthew R. Sessions*
Matthew R. Sessions
Georgia Bar No. 899806

McMickle, Kurey & Branch, LLP
217 Roswell Street
Alpharetta, GA 30009
678-824-7810 / fax 678-824-7801
messions@mkblawfirm.com

M0909214.1 15972

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a true and correct copy of the within and foregoing **ACKNOWLEDGMENT OF SERVICE** with the Clerk of the Court using the PeachCourt e-Filing system, which will send a notification attaching same thereon to the following counsel of record:

Jacob A. Weldon, Esq.
jacob@sextonlawfirm.com
Sexton Law Firm, LLP
124 Atlanta Street
McDonough, GA 30253
***Attorney for Plaintiff***

R. Dal Burton, Esq.
Dal.burton@wilsonelser.com
Jason S. Stewart, Esq.
Jason.stewart@wilsonelser.com
Wilson, Elser, Moskowitz,
Edelman & Dicker, LLC
3348 Peachtree Road, NE
Suite 1400
Atlanta, GA 30326
***Attorneys for Defendant***
***Amazon Logistics, Inc.***

This 3rd day of August, 2022.

*/s/ Matthew R. Sessions*
MATTHEW R. SESSIONS
For the Firm

M0909214.1 15972